FREMONT *v.* CRIPPEN, (SHERIFF OF MARIPOSA COUNTY.)

In an action for a forcible and unlawful entry and detainer of a mine, against a corporation and C. and V., the jury returned a verdict of guilty as to C. and V., and not guilty as to the corporation : *Held,* that such verdict is conclusive that the plaintiff was peaceably in actual possession of the premises at the time of the entry; that unlawful and forcible entry on his possession was made by the defendants C. and V., and that the corporation did not participate in the trespass.

The peaceable and actual possession of the plaintiff is incompatible with the lawful possession of another, and such a verdict is conclusive against the possession of the corporation.

Where a writ of restitution has been awarded in such a case, and the sheriff refuses to execute the same, on the ground that the mine is in the possession of certain persons not parties to the suit, who claim to hold under the corporation, the Court will award a peremptory *mandamus* against the sheriff to compel him to execute the writ.

To supersede the remedy by *mandamus*, a party must not only have a specific adequate legal remedy, but one competent to afford relief upon the very subject-matter of his application.

Neither a remedy by criminal prosecution, nor by action on the case for neglect of duty, will supersede that by *mandamus*, since it can not compel a specific act to be done, and is, therefore, not equally convenient, beneficial, and effectual.

APPEAL from the District Court of the Thirteenth Judicial District, County of Mariposa.

Application to the Court below for a writ of *mandamus.*

It appears that Fremont commenced an action against a corporation called the Merced Mining Company, and Smyth Clark and John Vandewater, for a forcibly entry upon "the upper drift of a shaft of a certain mine, called the Josephine Vein," in Mariposa county.

The jury rendered a verdict of guilty as to Clark and Vandewater, and not guilty as to the corporation. Judgment was rendered upon the verdict, awarding possession to plaintiff, and writ of restitution issued, which was placed in the hands of defendant for execution.

This process the sheriff refused to execute, alleging as an ex-

cuse, *first*, that the mine was in the possession of neither Clark nor Vandewater, but certain persons claiming to hold under the Merced Mining Company, in whose favor a verdict of not guilty was returned ; *second*, that since the entry of the judgment, the tunnel described had been deepened, and that, under the writ, he could only put plaintiff in possession of such portion as had been excavated at the time judgment was recovered.

The Judge below, on application of plaintiff, awarded a peremptory *mandamus* against the officer, and from this order an appeal is taken.

*Richard H. Daly* for Appellant.

*Perley* for Respondent.

The return of the sheriff sets out two facts as the reason why he does not execute the writ :

1. That Clark and Vandewater were not in possession, but other parties claiming under the Merced Mining Company, who were found not guilty.

2. That the shaft had been widened and deepened since the judgment of restitution, and he refused to give any possession, except of what was recovered.

The first affords no legal excuse or justification, and the second is frivolous, nonsensical, and absurd.

Returns to writs of *mandamus* are of three kinds :

1. Traverses.

2. Special returns of confession and avoidance.

3. A statement in the nature of a demurrer to the writ.

The return in this case belongs to the second class, but it is wholly uncertain and defective, both in form and in substance.

"It is incumbent on the defendant, in framing his return, to set out the whole legal facts of his case *in extenso*, in order that the Court may have the means of judging of the legality of the excuse. A special return must not only be good in substance, but must be expressed in apt words; or, in other words, the language and rules of pleading in personal actions should be adopted." Tapping on Mandamus, 394.

As to the force and effect of the writ of restitution.

This writ commands the sheriff to do two things :

1. To turn out Clark and Vandewater.

2. To give plaintiff peaceable restitution of the property described in the writ.

The sheriff returns that he did not find Clark and Vandewater in possession, but other persons claiming under the Merced Mining Company, who were found not guilty, and therefore he refuses to turn them out, and give plaintiff restitution.

This return is inveigling, uncertain, inferential, and argumentative.

The sheriff had a writ emanating from a Court of competent jurisdiction, commanding him to give plaintiff restitution. There was nothing in it about the Merced Mining Company. Whether they were found guilty or not guilty, was none of his business. He refuses to execute the writ, but goes behind it, and looks into a judgment with which he had nothing to do. He then constitutes himself an Appellate Court, and determines the legal force and effect of the verdict not guilty, and his conclusion is, that this verdict found not only that the Merced Mining Company were in peaceable and quiet possession of the property, but that they were entitled to the possession as against Fremont and all the world.

It is useless to argue to this Court that nothing was found in favor of the company by the verdict of not guilty, as far as the property was concerned.

This verdict simply acquitted them of the forcible entry. The verdict showed conclusively that a forcible entry had been committed by Clark and Vandewater, two of the defendants, but not by the company.

The verdict showed that Fremont was peaceably in the actual possession at the time this forcible entry was committed, otherwise Clark and Vandewater could not have turned him out, and could not have been found guilty.

Now, I contend that the writ of restitution puts everybody out of possession holding adversely to the plaintiff.

The sheriff can not stop to determine whether a party is lawfully in possession or not. He must execute the writ. Its command is positive and peremptory to cause the plaintiff to have peaceable restitution of the premises.

The sheriff is amply protected by a process valid on its face, and if he fears personal liability, he can call on the plaintiff for indemnity.

If the sheriff should, under the writ, turn out anybody having a right to remain there, the remedy is by action.

"After judgment against A., in an indictment for forcible entry, under the writ of restitution, the sheriff may turn out B., whom A. has put in possession." State *v.* Gilbert, 2 Bay, 355.

It may be argued that this is not a proper case for a *mandamus;* that there is another remedy by action against the sheriff on his official bond.

Section 468, Practice Act, provides that the writ shall be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law.

Section 467 provides that the writ may be issued to any tribunal, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.

In this case, the execution of the writ of restitution was a duty

Fremont v. Crippen.

directly enjoined by law on the sheriff, and immediately result-
ing from his office, trust, and station.

There is no other plain, speedy, or adequate remedy.

TERRY, C. J., after stating the facts, delivered the opinion of
the Court—BURNETT, J., and FIELD, J., concurring.

The refusal of the sheriff to execute the writ seems to be based
on the hypothesis that the verdict of the jury was equivalent to
a finding that the Merced Mining Company were in the lawful
possession of the premises at the time of the trial.

The verdict is conclusive that the plaintiff was peaceably in
actual possession of the premises at the time of the entry, that
unlawful and forcible entry on his possession was made by de-
fendants Clark and Vandewater, and that the Merced Mining
Company did not participate in the trespass. The peaceable and
actual possession of the plaintiff is incompatible with the lawful
possession of another, and the verdict is conclusive against the
possession of the Merced Mining Company.

The question then arises, whether, under the writ, the sheriff
is authorized to dispossess parties who are strangers to the pro-
ceeding.

The object of the Statute concerning Forcible Entries, is to
afford parties, whose possession is disturbed by force and vio-
lence, a summary remedy.

This object would be entirely defeated if a defendant, after
judgment, could, by transferring the possession to a stranger,
prevent the execution of the writ.

"If it were once permitted for a defendant, against whom
there was a judgment on a forcible entry and detainer, to put in
a third person, or for a third person to enter afterwards, with a
view of again putting a plaintiff's title to the rack, such third
person might again, in his turn, after judgment against him, put
another in possession, or permit him to enter; so that there
might be prosecutions without end, and the object of regaining
possession by the plaintiff would be as far off as at the com-
mencement of his first remedy to regain his possession, to the ut-
ter subversion of all justice." (State v. Gilbert, 2 Bay, 355.)

The second reason assigned for the refusal is frivolous, and
requires no notice at our hands.

There being no error in the record, the judgment is affirmed.

On petition for re-hearing, TERRY, C. J., delivered the follow-
ing opinion—FIELD, J., concurring.

An application is made for a re-hearing in this cause—one of
the grounds being that the defendant had no opportunity to be
heard before the decision of the Court was rendered.

In the record, there is a stipulation signed by the attorneys
of record, for both parties, agreeing that "the cause be submit-

Fremont *v.* Crippen.

ted for decision to the Supreme Court, on written argument, within ten days from the date, and that if either party fails to file said argument within said time, that the Court may proceed to decide the case immediately on the record and brief of either party that may be then on file."

This stipulation was dated September 15th, 1858, was filed in this Court on the 19th, and the decision of the Court was rendered ten days afterwards.

The nature of the case, it being a proceeding against a public officer, to compel the performance of an official duty, the anxiety of the parties to obtain a speedy decision, and the fact that it was represented to the Court that the public peace would be endangered by delay, were, by the Court, deemed sufficient reasons for taking up the record out of its order on the calendar.

If the appellant has not been fully heard, the fault lies with himself, as he had fourteen days between the date of the stipulation and the decision of the case in which to file a brief, or to apply for an extension of time.

The conclusion of the Court was arrived at after proper deliberation, was unanimous, and the argument of the counsel, in his application for a re-hearing, has failed to raise a doubt as to its correctness.

The only point made in the petition which was decided in the opinion is: that plaintiff's remedy was by action on the sheriff's bond, and not by *mandamus.*

This objection is not well taken; the statute provides that a *mandamus* may issue "to any inferior tribunal, board, or person, to *compel* the performance of an act which the law specially enjoins as a *duty* resulting from an office, trust, or station," and shall issue in all cases when there is not a *plain, speedy, and adequate* remedy in the ordinary course of law.

Now, the execution of final process is specially enjoined by law on defendant as a duty resulting from his office of sheriff, and in our opinion the plaintiff in this case has no plain, speedy, or adequate remedy in ordinary course of law. It is true, he might sue defendant on his bond for the damages resulting from the non-performance of his duty, but the possession of the property which has been adjudged to him can only be obtained by the present process, and is the only adequate remedy.

To supersede the remedy by *mandamus,* a party must not only have a specific adequate legal remedy, but one competent to afford relief upon the very subject-matter of his application.

Neither a remedy by criminal prosecution, (2 B. & A., 646,) nor by action on the case for neglect of duty, will supersede that by *mandamus,* since it can not compel a specific act to be done, and is, therefore, not equally convenient, beneficial, and effectual. (23 Wend., 461.)

Re-hearing denied.