[S. F. No. 1940. Department Two.—January 29, 1902.]

## PHILIP L. WEAVER, Appellant, v. EDWARD A. REDDY et al., Respondents.

ALMS-HOUSE OF SAN FRANCISCO—CONTROL UNDER CHARTER—MUNICIPAL MATTER—AUTHORITY OF STATE BOARD OF HEALTH DIVESTED.—The control of the alms-house of San Francisco by the board of health established under the new charter is a municipal matter of which that board has exclusive jurisdiction; and the city charter has operated to divest the authority of the state board of health over the alms-house.

ID.—SUIT BY REMOVED SUPERINTENDENT AGAINST STATE BOARD—REINSTATEMENT—MOOT QUESTIONS—APPEAL—AFFIRMANCE.—Where a superintendent of the alms-house removed by the state board of health brought suit against them for reinstatement, and appealed from a judgment against him, after the adoption of the city charter, the questions presented by the appeal are purely academic. And as no relief can be afforded to the appellant, the judgment against him must be affirmed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

William Denman, and Chickering, Thomas & Gregory, for Appellant.

Reddy, Campbell & Metson, and Garret W. McEnerney, for Respondents.

HENSHAW, J.—Plaintiff alleges that he was unjustly, and in violation of the law, removed by the board of health of the city and county of San Francisco from the position of superintendent of the alms-house of the city and county, and he brings this action against the board of health and against the defendant Edward A. Reddy to secure a judgment for his reinstatement. The board of health here made defendant is the board created by the general state law, which at that time had sole control of the alms-house. Since the commencement of the action, however, the new charter of the city and county of San Francisco has become operative, and under that

charter another board of health, a different entity, differently appointed, has come into existence. In the case of *People ex rel. Wm. M. Lawlor* v. *Williamson et al., ante,* p. 415, the legal existence of the board of health of the city and county of San Francisco, created by the charter, was recognized, but, as not being necessary to the determination of that case, no attempt was made to define its duties. Under authority of the charter (art. X, sec. 3) this board of health is given substantially the same control of the alms-house as theretofore was vested in the board of health created by the state law. That the management of hospitals and alms-houses is a municipal matter, we think requires no discussion. It follows, therefore, that the board of health, defendant in this case, is no longer in authority or control over the alms-house, and the questions presented upon this appeal become purely academic. No judgment that could be rendered for plaintiff upon his appeal could afford him any relief, and thus it would be futile to discuss the propositions which he presents.

The judgment appealed from is therefore affirmed.

McFarland, J., and Temple, J., concurred.