[Civ. No. 2046. Third Appellate District.—September 25, 1919.]

CHARLES S. BROWN, Petitioner, v. DAN H. WHITE, as County Superintendent of Schools, etc., Respondent.

[1] SCHOOL LAW—EMPLOYMENT OF HIGH SCHOOL PRINCIPAL—MANDAMUS TO COMPEL PAYMENT OF SALARY.—In this proceeding in *mandamus* to compel a county superintendent of schools to approve a requisition for the salary of the petitioner as principal of a given high school and to order the same paid to petitioner, the employment of petitioner's predecessor as principal of said high school having terminated on June 30th of the year in question, the board had authority to employ someone to take his place, and, before July 1st of that year, the petitioner having been regularly employed as such principal and having entered upon and performed the duties thereof, was legally entitled to the relief asked.

PROCEEDING in Mandamus to compel the approval by a county superintendent of a requisition for salary and to order same paid. Writ granted.

---

1. *Mandamus* to compel payment of salary of public officer or employee, note, 5 A. L. R. 572.

The facts are stated in the opinion of the court.

Breed & Burpee for Petitioner.

Arthur Lindauer, District Attorney, for Respondent.

ELLISON, P. J., *pro tem.*—Petitioner represents that the Vallejo High School District is a public high school corporation, composed of the city of Vallejo and of an additional area of approximately the same size as the city of Vallejo; that respondent is the county superintendent of schools of Solano County; that on the third day of June, 1919, the Vallejo High School District of Solano County employed petitioner, as principal of said high school and said intermediate schools for the school year commencing July 1, 1919, at an annual salary of two thousand four hundred dollars, payable in twelve equal monthly installments of two hundred dollars on the first of each and every month of said term; that thereupon said petitioner accepted said employment, and on the first day of July, 1919, entered upon the performance of his duties as such principal; that under the terms of said employment said Vallejo High School District of Solano County agreed to pay to your petitioner the sum of two hundred dollars on the first day of August, 1919; that said petitioner has duly performed all of the duties as such principal during the month of July, 1919, and has duly performed all conditions precedent to the payment of said sum of money; that thereafter said Vallejo High School District issued and delivered to petitioner a requisition in writing upon the high school fund of said high school district, in the regular and usual form, on respondent, as county superintendent of schools of Solano County; that petitioner presented said requisition to respondent in regular business hours, and demanded that he approve said requisition and order the same paid; that said respondent refused, and still refuses, without any cause, to approve said requisition, or to order the same paid, and that the whole of said two hundred dollars remains unpaid; petitioner prays that an alternative writ of mandate issue directed to respondent, requiring him, immediately after the receipt of said writ, to approve said requisition and order said sum paid to petitioner, or to show cause, etc., and for general relief.

In response to said alternative writ of mandate the respondent has filed an answer, in which he states that the Vallejo High School District of Solano County was, on the third day of June, 1919, without any right or authority to employ petitioner, Charles S. Brown, as principal of said high school and said intermediate schools for the year commencing July 1, 1919, at the annual salary of two thousand four hundred dollars, or any other amount; that said school district was without any right or authority to pay said Brown any salary, as principal of said high school and intermediate school, because one Carl H. Nielsen, a regular teacher of the Vallejo high school of Solano County, was and is the duly employed and acting principal of said school, by virtue of a contract entered into by and between Carl H. Nielsen and the Vallejo high school on the first day. of August, 1918, wherein Carl H. Nielsen was employed and accepted said employment as principal of said school, at a yearly salary of two thousand four hundred dollars; that said contract has never been terminated and is now in full force and effect, Carl H. Nielsen having been re-elected principal of the Vallejo High School District for the ensuing fiscal year of 1919, by virtue and under the provisions of section 127 of the charter of the city of Vallejo.

The same question is involved in this case as was under consideration in the case of *Vallejo High School District of Solano County* v. *White, ante,* p. 359, [185 Pac. 302]. In this case as in that, it is claimed by respondent that Nielsen was never discharged from his position as principal of said school; that he, being the principal of the school, the board had no authority to employ petitioner Charles S. Brown.

[1] In *Vallejo High School District of Solano County* v. *White, supra,* it was held that Nielsen's employment as principal of said high school ended June 30, 1919. This being so, the board had authority to employ someone to take his place. And it appearing that the High School District before July 1, 1919, regularly employed petitioner as principal of said school and that he entered upon and performed the duties thereof, it follows that he is legally entitled to the relief asked.

It is, therefore, ordered that the writ of mandate issue to respondent, commanding him, as county superintendent of

schools of the county of Solano, to issue and deliver to peti-
tioner a requisition for his salary for the month, beginning
July 1, 1919, and ending July 31, 1919, in the sum of two
hundred ($200) dollars, and that petitioner herein recover
his costs.

Hart, J., and Burnett, J., concurred.