[Civ. No. 2642. Third Appellate District.—July 23, 1923.]

A. L. GOLDSMITH, Appellant, v. THE BOARD OF EDUCATION OF SACRAMENTO CITY HIGH SCHOOL DISTRICT et al., Respondents.

[1] SCHOOL LAW—SUSPENSION OF TEACHER—MANDAMUS—APPEAL—DISMISSAL.—Where the issues in a *mandamus* proceeding embrace both the right of the respondents to suspend petitioner as a high school teacher, with the incident of restoration, and the right to his salary during the period of suspension, the appeal from the judgment of the trial court denying the writ will not be dismissed upon the asserted ground that the questions presented

---

1. What constitutes moot case, note, Ann. Cas. 1918B, 558.

are moot, based upon the facts that the order of suspension has expired by its own limitation and that subsequent to the taking of the appeal petitioner voluntarily resigned from the school and his resignation was accepted.

[2] PLEADINGS—ISSUES—PRAYER—JUDGMENT.—Where issue is joined, relief embraced within the pleadings may be granted, although such relief is not specifically mentioned in the prayer.

[3] SCHOOL LAW—SUSPENSION OF TEACHER—MANDAMUS—JUDGMENT. Where the pleadings in a *mandamus* proceeding against the board of education of a high school raise the issues both as to the right of the respondents to suspend petitioner as a high school teacher, with the incident of restoration, and the right to his salary during the period of suspension, the trial court may legally direct respondents to pay petitioner's salary for the te m during which petitioner was suspended, as well as to command his restoration to his position.

MOTION to dismiss an appeal from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge, denying a writ of mandate. Motion denied.

The facts are stated in the opinion of the court.

Elliott & Atkinson for Appellant.

C. F. Metteer for Respondents.

BURNETT, J.—On September 11, 1922, certain charges of unprofessional conduct against appellant were made to the board of education of Sacramento City High School District by Charles C. Hughes, superintendent of schools of said city. The matter came on regularly for hearing on September 22d following, and after trial before said board, appellant was found guilty as charged, and by order of the board he was suspended from his position as teacher in said high school for a term of ten weeks without pay, beginning on said September 22d and ending on November 30th. The term of suspension having expired, Mr. Goldsmith resumed his position as teacher and continued therein until January 22, 1923, when he voluntarily severed his connection with the department. While said order of suspension was in force appellant, on October 5, 1922, brought an action of mandate in the superior court of Sacramento County, the prayer in his complaint being as follows: "Wherefore, plaintiff

prays for writ of mandate commanding and requiring defendant to admit plaintiff to the use and enjoyment of the right to perform said services and duties, and to reinstate plaintiff in the use and enjoyment of said right and to allow plaintiff to perform said duties and services, and for such other or further order as is proper in the premises and for costs of this proceeding.'' [1] After issue joined, the cause was thereafter regularly tried in said superior court and a judgment rendered in favor of defendants. From this judgment the said A. L. Goldsmith on December 18, 1922, appealed to this court and the appeal is pending herein. On May 2, 1923, respondents gave notice of motion to dismiss said appeal on the ground that the term of said suspension of appellant has expired and ''that even if the order herein appealed from was reversed by this Court, it would merely be to direct revocation of an order of the said Board of Education that has expired by limitation of time for which said order was made,'' and that said appellant by his own election and the action of the said board in accepting his resignation as teacher, ''is not and has not been, since the 22d day of January, 1923, in anywise employed by or connected with the Sacramento City High School District.'' The motion was regularly heard and has been submitted on the oral argument and briefs thereafter filed.

The claim of respondents is that ''the only question presented to the Court in this action is now moot'' and that accordingly the motion to dismiss should be granted. If the only question involved is of merely academic interest and a reversal of the judgment can afford no practical relief to appellant, then, manifestly, the cause should not be retained for the purpose only of determining whether the trial court reached a corrrect conclusion. In *Weaver* v. *Reddy*, 135 Cal. 430 [67 Pac. 683], the plaintiff held the position of superintendent of the almshouse of the city and county of San Francisco and was removed therefrom by the board of health. He brought suit for reinstatement, and while the case was pending, San Francisco adopted a new charter under which another board of health, a different entity, came into existence. The supreme court said: ''It follows, therefore, that the board of health, defendant in this case, is no longer in authority, or control over the almshouse, and the questions presented upon this appeal become purely aca-

demic. No judgment that could be rendered for plaintiff upon this appeal could afford him any relief, and thus it would be futile to discuss the propositions which he presents.'' Among many cases to the same effect we may refer only to *Bradley* v. *Voorsanger*, 143 Cal. 214 [76 Pac. 1031], wherein it was held, as stated in the syllabus: ''Where a taxpayer sued to enjoin the holding of an election to fill certain offices, and the expending of money therefor, and the judgment was against the plaintiff, and before the hearing of an appeal by him the election had been held and the money expended, and the officers elected were incumbents in place of others whose terms had expired, such appeal raises merely a moot question, and no judgment which could be entered thereupon could afford plaintiff any relief, and the action will be ordered dismissed.''

If reinstatement was the only relief to which appellant was entitled under the pleadings, and if the superior court in said mandate proceedings could direct said board of education to do no more than to restore appellant to his position, then, of course, no practical benefit can come from a further consideration of this case. This seems so obvious as to require no comment. Indeed, besides the fact that the suspension ceased to be operative and appellant was restored to his position, he voluntarily withdrew from the school and manifestly does not desire to return.

But we are satisfied that respondents have mistaken the scope of the pleadings and the extent of the relief that the superior court was authorized to award.

Two issues are embraced within the pleadings; one the right to have the order of suspension annulled with the incident of restoration, and the other, the right to his salary during the period of suspension.

The latter is the one in dispute, but it is to be observed that both in the complaint in the superior court for the writ of mandate and in the stipulation of facts made by the parties, it is set forth that the annual compensation of appellant at the time of his suspension was $2,820. The alternative writ, also, to which respondents made return and on which they joined issue provided:

''Whereas, it appears . . . that plaintiff has been wrongfully and unlawfully precluded and prevented from performing his services as teacher . . . *and that you wrongfully*

*and unlawfully have prevented and precluded him from his right to receive and the receiving of the salary and compensation attached to such position . . .*

"Now, therefore, we . . . do command . . . that you immediately after receipt of this writ admit plaintiff to the use and enjoyment of the right to perform his services *. . . together with his right to compensation and salary to which plaintiff is entitled,* or that you show cause to the contrary."

Respondents answered the writ, setting up as justification for their conduct the order and judgment of said board of education suspending appellant as aforesaid. The right to compensation and salary was therefore as much involved as the right to perform his services as teacher and both could be legally and regularly determined in the same action. Indeed, if the trial court had determined that the said order of suspension was void it would necessarily follow that appellant was entitled to be restored to his position and also receive his salary for that period. Having determined that the order was legal and operative, the court's action was in effect an adjudication that appellant was not entitled to be restored to his position and that he was not entitled to any salary for that period. Indeed, at the oral argument it was admitted by respondents that the judgment of the trial court constituted *res adjudicata* as to salary. This admission is tantamount to a concession that the reversal of the judgment would be of practical benefit to appellant and that therefore the question before us is not altogether moot.

[2] It is true that in the prayer of the complaint, as we have seen, the payment of salary is not specifically mentioned, but, where issue is joined, relief embraced within the pleadings may be granted, although the complaint omits the prayer altogether. (Sec. 580, Code Civ. Proc.; *Johnson* v. *Polhemus,* 99 Cal. 240 [33 Pac. 908]; *Hoffman* v. *Pacific Coast Construction Co.,* 37 Cal. App. 125 [173 Pac. 776].) Besides, as already noticed, there is a prayer for general relief, which would undoubtedly authorize the court to award any remedy within the purview of the pleadings.

[3] The next question of importance is whether the trial court could legally direct the board to pay the salary for the term during which appellant was suspended, as well as to command his restoration to his position. If it had no

63 Cal. App.—10

such authority in this action for *mandamus* then a reversal herein would be of no avail to appellant and the action should be dismissed. But in view of the decisions, it cannot be doubted that the trial court could make such order. (*Raisch* v. *Board of Education*, 81 Cal. 546 [22 Pac. 890]; *Kennedy* v. *Board of Supervisors*, 82 Cal. 483 [22 Pac. 1042]; *Ross* v. *Board of Education*, 18 Cal. App. 222 [122 Pac. 967]; *Brown* v. *White*, 43 Cal. App. 363 [185 Pac. 304].)

In the Raisch case it is held, quoting from the syllabus: "*Mandamus* will lie to compel the board of education of the city and county of San Francisco to draw its draft upon the school fund to pay for supplies furnished to the schools under its care, in pursuance of its contract for such supplies; and the remedy against its members by action for damages for neglect of their duty is not so competent to afford relief upon the very subject matter of the application or so convenient, beneficial and effective, as the proceeding by *mandamus*, and will not therefore supersede that remedy."

In the Kennedy case, the plaintiff was transferred to another department of the school without her consent, and she brought an action for *mandamus*, the prayer of the complaint being: "Wherefore plaintiff prays that a writ of mandate be issued, commanding and requiring defendants to admit plaintiff to the use and enjoyment of the right to perform said services and duties, to reinstate plaintiff in the use and enjoyment of said right and to allow plaintiff to perform said duties and services; or for such other or further order as is proper in the premises and for costs of this proceeding." The form is thus shown to be identical with that in the case at bar, and an examination of the complaint therein shows a striking similarity to the one before us. The resemblance is so marked that the pleader herein in drafting his complaint must have had before him the pleadings in that case.

Therein the trial court awarded the writ commanding not only the reinstatement of the applicant but also the issuance of a warrant for her salary, and the judgment was upheld by the supreme court.

In *Ross* v. *Board of Education*, *supra*, the plaintiff was discharged without cause before the expiration of his term

of employment and, after a careful review of the authorities, the court held that the writ of *mandamus* would lie to compel the board of education of the city and county of San Francisco to approve the plaintiff's demand for his salary for the full time. Therein is discussed the propriety of the ordinary action for damages and the court, while holding that such action might have been brought, declared that "it cannot be said that the remedy at law is equally convenient, beneficial and effective to the extent that it will supersede the remedy by *mandamus*. (*Fremont* v. *Crippen,* 10 Cal. 211 [70 Am. Dec. 711]; *Babcock* v. *Goodrich,* 47 Cal. 488; *Raisch* v. *Board of Education,* 81 Cal. 542 [22 Pac. 890]; *Robertson* v. *Trustees,* 136 Cal. 403 [69 Pac. 88].)"

The foregoing cases constitute a sufficient answer to the contention of respondents that "*Mandamus* does not lie to enforce the obligations of a contract, but only to enforce the performance of an act which the law specially enjoins. In this case, it can go no further than to compel the board of education to revoke its suspension of appellant and restore him to his position as teacher."

It may be admitted that therein is correctly stated the general rule as to *mandamus,* but herein appellant was receiving, as before stated, a fixed salary, and it was the duty of the board of education under the law to direct a warrant to issue for its payment. We may add that the practice is for the board to issue an order or requisition on the county treasurer, which is subject to the approval of the auditor and county superintendent of schools before actual payment. In such cases it is uniformly held that upon refusal to act the writ of *mandamus* will compel the board to issue its warrant, it being its plain ministerial duty to do so. (See, also, *Bannerman* v. *Boyle,* 160 Cal. 197 [116 Pac. 732].) Herein lies the distinction between this case and those cited by respondents.

For instance, in the Weaver case, *supra,* the board of health could not issue a warrant for the salary of plaintiff, and the only authority it had in the matter was to reinstate him. That relief having become impossible for the reason stated in the opinion by the supreme court, manifestly there was no live question remaining.

In *Barber* v. *Mulford,* 117 Cal. 356 [49 Pac. 206], the court held that mandate would lie to compel the board of education of the city of San Diego to issue its order for the

amount of the audited claim, but not for interest, as the law did not require the board to include interest, but limited its action to the amount of the claim as audited.

*Howe* v. *Southrey,* 144 Cal. 767 [78 Pac. 259], involved a similar situation wherein a writ of mandate was issued requiring the trustees of a school district to issue a requisition for the amount of a judgment and costs against said district, but it was held that, since the petition for the writ did not show that any interest was provided for in said judgment, it was not the office of the writ of mandate to determine whether the obligation rested upon the district to pay interest thereupon. It was properly decided that the writ could direct the board to issue a requisition for the exact amount of the judgment and no more.

*Sheehan* v. *Board of Police Commrs.,* 188 Cal. 525 [206 Pac. 70], involved also the payment of interest and it was held not to be the duty of said board to determine that question, and that the sole function of the writ of mandate is to require the inferior board or tribunal to perform its duty prescribed by the law.

As we understand it, the case may be substantially and decisively presented in a few words. The question is whether any judgment rendered herein may be of practical benefit to appellant. The answer to this depends upon whether the trial court can do any more than to restore appellant to his position. The period of suspension has long since expired and that feature, of course, is eliminated. But if upon the merits the appellate court should reverse the judgment and remand the case for a new trial it is within the authority of the trial court to direct the board of education to issue its warrant or requisition for the unpaid salary of appellant. This it can do because such action is within the scope of the duty of the board of education, and is comprehended by the issues in the case. Of course, we do not mean to express any opinion as to the legal integrity of the judgment, but as far as this matter is concerned, we must proceed as though it were certain to be reversed.

Some minor questions are discussed by the parties, but while they may be pertinent to a consideration of the appeal upon its merits they have no bearing upon this motion.

The motion to dismiss the appeal is denied.

Hart, J., and Finch, P. J., concurred.