[Civ. No. 9256. First Appellate District, Division Two.—July 13, 1934.]

HATTIE BELLE REED, Appellant, v. BOARD OF EDUCATION OF THE MONTEREY UNION HIGH SCHOOL DISTRICT et al., Respondents.

Lemuel D. Sanderson for Appellant.

C. F. Lacey for Respondents.

SCHMIDT, J., *pro tem.*—Appellant filed in the lower court her "Supplemental petition for writ of mandate" in which she set forth that she held legal specifications for teaching in the senior high schools of this state and particularly for the Monterey Union High School District; that in 1931 the Board of Education of the Monterey Union High School District ·attempted to discharge her, whereupon she filed her petition for writ of mandate to be reinstated as a permanent teacher in said district and to have her salary fixed; that judgment was rendered in her favor and that her salary was found to be $200 per month for twelve months

and she was awarded a money judgment for her salary to March 1, 1931. Following the judgment a peremptory writ of mandate was issued and served from which writ of mandate and judgment the defendants appealed; that said judgment was affirmed and a petition for the hearing of same in the Supreme Court was denied on November 10, 1932 (*Reed* v. *Board of Education*, 125 Cal. App. 714 [14 Pac. (2d) 330]); that "thereafter November 28, 1932, plaintiff reported for duty and was assigned to active teaching in accordance with the terms of the judgment affirmed, and defendants paid to plaintiff the following sums: $2,304 salary from July 1, 1931, to July 1, 1932; $768 salary from July 1, 1932, to November 31, 1932, and $192 per month from December 1, 1932, to April 1, 1933, or $768, a total amount of $3,840.

"Plaintiff alleges, that under the judgment herein her salary was found to be $200 per month for 12 months, which was admitted in the pleadings, that this amounted for the years 1931–1932 to $2,400; that the judgment of $1600 plus costs of $22.50 bore interest at 7 per cent per annum to November 31, 1932, or $112.57 and that cost for plaintiff's brief on appeal was fixed at $100.50, and that plaintiff's salary for the year 1932–1933 should be $200 per month for 12 months, amounting to April 1, 1933 to $1800 or a total amount due from defendants to plaintiff of $4,435.57.

"That on April 1, 1933, there is due, owing and unpaid from defendants to plaintiff the sum of $595.57 under the terms of said judgment, and that plaintiff has made demand, and that defendants have refused to pay said sum or any part thereof, and still so refuse."

The prayer for the writ of mandate reads as follows: "That defendants pay to plaintiff the sum of $595.57 and to make such payment forthwith; And for such other and further relief as may seem meet and proper to this Court in the premises."

To the supplemental petition for writ of mandate the defendant Board of Education of the Monterey Union High School District and its members interposed a general and specific demurrer. The lower court, after entering its minute order, made and entered its judgment in which it recited, "the court having sustained said demurrer without leave to amend, on the grounds that *Mandamus* does not lie

to enforce the obligations of a contract but only to enforce the performance of an act which the law specifically enjoins, and that the said action lies in debt at law;

"IT IS ORDERED, ADJUDGED AND DECREED, that plaintiff take nothing by said supplemental petition, and that same be and it is hereby dismissed . . . "

From the latter judgment, appellant appeals.

Although several questions have been raised there is but one question involved, namely, did appellant have the right to ask for a writ of mandate against the school board involving a dispute over her salary and the item of costs for the prior trial and the prior appeal? The answer to the question is found in *Dupuy* v. *Board of Education*, 106 Cal. App. 533 [289 Pac. 689]; *Chambers* v. *Davis*, 131 Cal. App. 500 [22 Pac. (2d) 27]. In the Dupuy case it was said, page 539, "It is urged, that conceding the correctness of the lower court's ruling mandate is not the proper remedy. It will be noted that the claim of plaintiff involves no terms of employment or dispute over services rendered. All that is involved is whether or not moneys, conceded to have been earned, are now due. All that remains is the issuance of the warrant and this is a ministerial duty enjoined by law. In such a case mandate will lie. (*Goldsmith* v. *Board of Education*, 63 Cal. App. 142 [218 Pac. 296].)"

The *Chambers* v. *Davis* case is even more in point. In that case there was a dispute between the board of education and the teacher as to the amount of salary to which she was entitled, no question whatever being raised concerning her position as a permanent teacher. At page 503 of the opinion we find: "We are of the opinion the petition states facts sufficient to constitute the special proceeding authorizing the issuance of a writ of *mandamus* to compel a board of trustees to fix and allow a permanent teacher a reasonable salary for services for instruction in a particular subject. *Mandamus* is the proper remedy. (*Dutart* v. *Woodward*, 99 Cal. App. 736 [279 Pac. 493].)"

It necessarily follows that the trial court should not have sustained the demurrer. The judgment is reversed with directions to overrule the demurrer allowing the defendants in the action the usual time to file an answer.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 11, 1934, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal was denied by the Supreme Court on September 6, 1934.