[Sac. No. 4870. In Bank.—July 27, 1934.]

EVELYN M. CAMINETTI, Respondent, v. BOARD OF TRUSTEES OF JACKSON UNION HIGH SCHOOL DISTRICT et al., Appellants.

Ralph McGee and T. G. Negrich for Appellants.

Snyder & Snyder for Respondent.

THE COURT.—This is an appeal by defendants from a judgment directing that a writ of mandate issue to compel payment of plaintiff's salary as a teacher. The appeal is on the judgment-roll.

In June, 1930, plaintiff was employed by defendant school district as a probationary teacher, and taught for the school year 1930–1931. Under the provisions of the School Code the teacher is deemed re-employed for the next year unless notice to the contrary is sent by registered mail, or is personally served, on or before June 10th. No valid notice in compliance with the statute was sent, but the district employed another teacher in place of plaintiff, and refused her services when she appeared in September, 1931. In October, 1931, plaintiff commenced a proceeding in the superior court, seeking a writ of mandate to establish her right to teach. The court gave judgment in her favor on October 13, 1931. It decreed that she "is now and has been ever since the commencement of this proceeding, entitled to perform the duties and services of a probationary teacher", and ordered that a peremptory writ of mandate issue commanding the Board of Trustees to assign her to a class. The defendants appealed, but the appeal was subsequently dismissed and the judgment became final. Defendants, however, ignored the writ and refused to reinstate plaintiff in her position.

On November 25, 1932, the present proceeding was commenced. Plaintiff alleged the above facts and her readiness, willingness and ability to teach during the school year 1931–1932, and sought a writ of mandate to compel payment of the sum of $1800 alleged to be due as salary during said year. Defendant filed a demurrer, which was overruled, and an answer denying certain allegations and setting up a special defense. The trial court gave judgment on the pleadings in favor of plaintiff, and ordered the defendants to pay the sum demanded and costs.

■ The defense relied upon by the district was that in May, 1931, plaintiff voluntarily withdrew her certificate of qualifications from the office of the county superintendent of schools, the same not being replaced until January, 1932. It is contended that under the law, this certificate must be on file as a basis for the implied contract of employment.

It is apparent that this defense, and the various denials found in the answer, are disposed of by the application of the doctrine of *res judicata*. By its judgment in the first *mandamus* proceeding the court in October, 1931, determined that plaintiff was entitled to teach, and was ready, able and willing to do so, during that school year. The defense that she had disqualified herself by removal of her credentials in May was available at that time, and hence, whether or not it was actually made, it was determined adversely to defendants by the judgment. It is elementary that the judgment is conclusive not only as to issues raised but also as to those which could have been raised. (*Price* v. *Sixth Dist. Agr. Assn.*, 201 Cal. 502 [258 Pac. 387].)

■ The objection that the first judgment only determined her fitness up to October 13, 1931, has no merit. Her status being once established, it is presumed to continue, and under the law as it then stood, she could not be dismissed after her re-employment, except for cause. (*Blalock* v. *Ridgway*, 92 Cal. App. 132 [267 Pac. 713].) The establishment of her right to teach determined her right to the salary fixed for the position. (*Goldsmith* v. *Board of Education*, 63 Cal. App. 141 [218 Pac. 296]; *Hancock* v. *Board of Education*, 140 Cal. 554 [74 Pac. 44].)

■ It follows that the questions involved in this proceeding were all determined by the prior judgment, and that no issue of fact remained to be tried. Under these circumstances it was not error for the lower court to render judgment on the pleadings.

■ The propriety of the remedy of mandate against a school board to collect salary due a teacher is established by several cases. (See *Ross* v. *Board of Education*, 18 Cal. App. 222 [122 Pac. 967].)

The judgment is affirmed.

Rehearing denied.