[Civ. No. 18927.   Second Dist., Div. Two.   June 5, 1952.]

EVELYN DAUGHERTY, Respondent, v. BOARD OF TRUSTEES OF SOUTH BAY UNION HIGH SCHOOL DISTRICT, etc., et al., Appellants.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Appellants.

Tanner, Odell & Taft for Respondent.

FOX, J.—Defendants appeal from a judgment in a mandamus proceeding requiring the defendant high school district to pay petitioner her salary as a teacher for the first four and one-half months of the 1950-51 school year. The appeal is on the judgment roll.

Petitioner had attained the status of a permanent teacher in the district some years prior to her resignation on June 14, 1946. She was reemployed by the district on August 4, 1948, for that school year. She was likewise reemployed for the school year 1949-50. On May 9, 1950, the board undertook to dismiss her by giving her written notice that her services would not be required for the ensuing school year. This action was taken under the provisions of section 13582 of the Education Code upon the theory that petitioner was then a probationary teacher. The board was in error in taking this action because section 13502 of the Education Code provides in substance that whenever any certificated employee of a school district, who at the time of his resignation was classified as permanent, is reemployed within 39 months after his last day of paid service, the board shall classify him as and restore him to all the rights and benefits of a permanent employee. At the opening of school on September 5, 1950, petitioner presented herself to defendants, tendered her services as a teacher, and demanded that she be permitted to serve as a permanent employee of the district. Her demand was refused. On November 9, 1950, she filed a petition for a writ of mandate in the superior court setting forth the above facts and praying that a writ issue commanding defendants to proceed forthwith to classify her as a full-time permanent employee, that they reinstate her to her position as a permanent

employee and admit her to teach in the schools of said district, that they assign her to active teaching duties as such employee and that they fix her salary for the school year 1948-49 at the rate of $4,600, and at the rate of $4,700 for the two succeeding years. In December, 1950, a peremptory writ as prayed was issued. On January 10, 1951, pursuant to said writ, the board classified petitioner as a full-time permanent employee and reinstated her as such and directed her to report for duty on January 15, 1951, and fixed her compensation at the rates specified.

Petitioner reported for duty at the appointed time and ever since has continued to serve as a full-time employee. The district, however, did not pay her any salary for the portion of the school year 1950-51 which elapsed prior to her reinstatement on January 15, 1951. On May 11, 1951, petitioner made written demand on defendants for the payment of her salary for such period. Upon the failure of defendants to comply therewith she filed this petition to compel such payment.

Defendants admitted all the allegations in the petition and set up two defenses: (1) that the judgment in the prior action is res judicata in this proceeding, and (2) that petitioner is estopped from maintaining this proceeding by her failure to object to the return on the peremptory writ in the former action. Neither of these defenses is well founded.

In considering the res judicata defense it must be remembered that mandamus is an independent proceeding, and that its purpose is to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station. (Code Civ. Proc., § 1085; *Sheehan* v. *Board of Police Comrs.*, 188 Cal. 525, 535 [206 P. 70]; *Boggs* v. *Jordan*, 204 Cal. 207, 216 [267 P. 969].) Also, section 1911, Code of Civil Procedure, provides "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

Defendants say that in the prior action for reinstatement the court had the discretion to include a judgment for back salary, and since the judgment did not include such an item that matter is now res judicata. In arriving at this conclusion defendants seek to apply the principle that a judgment is conclusive of every matter which the parties might have litigated in the action. (*Gaskill* v. *Wallace*, 32

Cal.App.2d 354 [89 P.2d 687].) Defendants, however, are attempting to stretch this principle too far. It really means "that a judgment is conclusive upon the issues tendered by the plaintiff's complaint. It may be that the plaintiff might have united other causes of action with that set out in her complaint, . . . but as long as these several matters are not tendered as issues in the action, they are not affected by it." (*Concannon* v. *Smith,* 134 Cal. 14, 18 [66 P. 40]; *City of San Diego* v. *California Water & Tel. Co.,* 71 Cal.App.2d 261, 276 [162 P.2d 684].) It is also pointed out in *Stark* v. *Coker,* 20 Cal.2d 839, 843 [129 P.2d 390], that only such matters are adjudicated in a former judgment which appear upon its face to have been adjudicated or which were actually and necessarily included therein or necessary thereto, and that "when it affirmatively appears that an issue was not determined by the judgment, it obviously is not res judicata upon that issue." Likewise, the 'rule is not applicable to rights, claims or demands, although growing out of the same subject matter, but which constitute separate or distinct causes of action, and which were not put in issue in the former case. (*Title Guarantee & Tr. Co.* v. *Monson,* 11 Cal. 2d 621, 631 [81 P.2d 944].)

Applying these principles it is clear defendants may not successfully rely on the doctrine of res judicata. The first mandamus proceeding was to compel defendants to reinstate petitioner, classify her as a permanent employee, and fix her salary for the years in question. Its purpose was to compel admission of petitioner to the enjoyment of a right to which she was entitled, and from which she was wrongfully excluded by defendants as public officials.

The present proceeding is to compel the performance of an act which the law specifically enjoins as a duty resulting from the office of defendants, viz: the payment of petitioner's salary which they had previously fixed but refused to pay after her demand.

The causes of action in the two proceedings were thus separate and distinct, although arising out of the same subject matter. Hence a favorable judgment in the first proceeding is not a bar to this proceeding for unpaid salary since no issue was tendered or adjudication had thereon in the first proceeding with respect to the payment of salary. (*Title Guarantee & Tr. Co.* v. *Monson, supra*; *Stark* v. *Coker, supra*; *United Shoe Machinery Corp.* v. *United States,* 258 U.S. 451 [42 S.Ct. 363, 66 L.Ed. 708].)

■ In their reply brief defendants argue that by section 1095, Code of Civil Procedure, the question of damages has been made an integral part of a mandamus proceeding, hence the res judicata doctrine is applicable. That section can have no application here because the breach of official duty which was the foundation of the first petition and writ was separate and different from the breach of duty which formed the basis for the present petition and writ. For cases where the procedure adopted in this litigation was followed see *Caminetti* v. *Board of Trustees,* 1 Cal.2d 354 [34 P.2d 1021], and *Comstock* v. *Board of Trustees,* 35 Cal.App. 2d 466 [95 P.2d 969].

■ There is no basis for an estoppel against the maintenance of this action by reason of petitioner's failure to object to the return on the peremptory writ in the prior proceeding. The return showed defendants, on January 10, 1951, fully complied with the writ which commanded them to reinstate petitioner and fix her salary for the years in question. Hence she had no ground for any objection. Her right to reinstatement had been upheld and the board had complied with the court's order. She had the right to assume the board would thereafter perform its plain duty to pay all accrued salary.

Defendants also suggest that petitioner's reinstatement in the first action was "as of January 15, 1951," hence no back salary is due. That date was merely the time when defendants were to report to the court the action they had taken pursuant to the command of the writ. Furthermore, the findings make it clear that petitioner was reinstated as of the commencement of the 1950-51 school year and not as of January 15, 1951. ■ Since this appeal is on the judgment roll we must presume the evidence supports the findings. (*Tarvin* v. *Davey,* 56 Cal.App.2d 846, 850 [133 P.2d 844].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.