[Civ. No. 21411. Fourth Dist., Div. Two. June 2, 1980.]

JOHN OTTO MATTSON, Plaintiff and Appellant, v.
CITY OF COSTA MESA et al., Defendants and Respondents.

442

COUNSEL

Steven L. Stern and Richard P. Herman for Plaintiff and Appellant.

Burke, Williams & Sorensen and Richard R. Terzian for Defendants and Respondents.

OPINION

KAUFMAN, J.—Plaintiff John Otto Mattson (plaintiff) appeals from a judgment of dismissal following the court's sustaining demurrers by the

defendants, City of Costa Mesa (City) and two police officers in its employ.

Defendants Poling and Kent, police officers employed by the City, made a warrantless arrest of the plaintiff outside of his house around midnight on June 26, 1976. Plaintiff was taken to the Costa Mesa police station, where he was charged with three misdemeanors: public drunkenness, resisting arrest and disturbing the peace. He was released early the following morning. Eventually, the charges against him were dismissed for failure to prosecute. The actions of the officers and plaintiff, respectively, are in dispute as are the questions of probable cause for plaintiff's arrest, the officers' use of excessive force, and their negligence in their arrest and subsequent treatment of plaintiff.

On September 29, 1976, plaintiff presented to City a claim alleging that as a result of the arrest he had suffered $576,797.12 damages. The claim was rejected, and on February 8, 1977, the plaintiff filed a civil action against Poling, Kent and the City in the United States District Court for the Central District of California. The complaint averred that officers Poling and Kent had knowingly and without provocation or probable cause assaulted the plaintiff and then arrested him; that as a result the plaintiff suffered various physical injuries; and that the officers had failed to return $1,000 in cash which they had taken from him while he was detained at the city jail. The complaint was denominated an action to redress violations of the plaintiff's civil rights under color of state law, and it further requested the federal court to take pendent jurisdiction of a nonfederal claim of negligence based on the same facts.

On June 27, 1977, at defendants' urging, the federal court denied plaintiff's request that it take pendent jurisdiction of the state law negligence claim and dismissed City from the action.[1] Three days later, on June 30, plaintiff filed his complaint in the instant action in the Orange County Superior Court against Poling, Kent and City, alleging the same facts as he had alleged in the federal action but further alleging that Poling and Kent had "negligently assaulted, battered and arrested plaintiff" and "mishandled his personal property."

---

[1]The apparent reason for dismissal of the City as a party was that under the law as it was believed to be at that time, a municipality could not be sued directly under the Civil Rights Act. (See *Aldinger v. Howard* (1976) 427 U.S. 1 [49 L.Ed.2d 276, 96 S.Ct. 2413].) In 1978, of course, the United States Supreme Court decided *Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658 [56 L.Ed.2d 611, 98 S.Ct. 2018] holding that local public entities are not immune from liability under the Civil Rights Act. (See also *Owen v. City of Independence* (1980) 445 U.S. 622 [63 L.Ed.2d 673, 100 S.Ct. 2979].)

Apparently plaintiff made no attempt to serve the defendants in the state court action, and it lay dormant for approximately two years while the federal civil rights action proceeded to jury trial. The jury in the federal action returned a unanimous verdict against plaintiff. On a motion by the defendants in the federal action for attorney fees, the court found the action was frivolous and without foundation and assessed plaintiff $2,607.30 attorney fees and costs. Plaintiff has since appealed the federal court decision on the ground that the dismissal of the City was erroneous.

Following the adverse decision in the federal action, plaintiff served the defendants with process in the state court action. Defendants demurred on grounds that the state court action was barred by res judicata or collateral estoppel and the relevant claims period and statute of limitations (Gov. Code, § 945.6; Code Civ. Proc., § 340, subd. 3). The trial court sustained the demurrers on these grounds and subsequently entered a judgment of dismissal.

*I.*

### Collateral Estoppel

If, of course, dispositive factual questions were actually litigated in the federal civil rights action, plaintiff would be collaterally estopped from relitigating those questions in the instant action. (See *Levy v. Cohen* (1977) 19 Cal.3d 165, 171 [137 Cal.Rptr. 162, 561 P.2d 252]; *In re Russell* (1974) 12 Cal.3d 229, 233 [115 Cal.Rptr. 511, 524 P.2d 1295]; *Merry v. Coast Community College Dist.* (1979) 97 Cal.App.3d 214, 221 [158 Cal.Rptr. 603]; *City of Los Angeles v. Superior Court (Levy)* (1978) 85 Cal.App.3d 143, 149-150 [149 Cal.Rptr. 320].) ▮ However, the collateral estoppel aspect of the doctrine of res judicata applies only to issues that were actually litigated in the first action. (*Henn v. Henn* (1980) 26 Cal.3d 323, 330 [161 Cal.Rptr. 502, 605 P.2d 10]; *Clark v. Lesher* (1956) 46 Cal.2d 874, 880-881 [299 P.2d 865]; *Gorman v. Gorman* (1979) 90 Cal.App.3d 454, 464 [153 Cal.Rptr. 479]; see also *City of Los Angeles v. Superior Court (Levy), supra,* 85 Cal.App.3d at pp. 149-150.)

Although defendants vigorously assert that the issues of lack of probable cause and excessive force were actually litigated in the federal civil rights action, we are unable to ascertain from the record whether or not

that is so. Negligence alone is insufficient to give rise to liability under 42 United States Code section 1983. To be entitled to relief under section 1983, plaintiff must at least show intentional conduct in circumstances in which the offending governmental employees were legally bound to know that their conduct would deprive the plaintiff of civil rights. (*Monroe* v. *Pape* (1961) 365 U.S. 167, 187, 207 [5 L.Ed.2d 492, 505, 516, 81 S.Ct. 473]; *Bonner* v. *Coughlin* (7th Cir. 1976) 545 F.2d 565, 567-568; see *Wood* v. *Strickland* (1975) 420 U.S. 308 [43 L.Ed.2d 214, 95 S.Ct. 992]; *Williams* v. *Field* (9th Cir. 1969) 416 F.2d 483.) From the record before us it appears possible that the federal jury determined no more than that defendants Poling and Kent lacked the requisite mens rea.

Thus, we conclude that the judgment cannot be affirmed on the basis of collateral estoppel on the record before us. (Cf. *City of Los Angeles* v. *Superior Court* (*Levy*), *supra*, 85 Cal.App.3d at pp. 149-150.)

## II.

### Res Judica (Bar)

■ However, "[i]n its primary aspect the doctrine of res judicata operates as a bar to the maintenance of a second suit between the same parties on the same cause of action." (*Clark* v. *Lesher, supra*, 46 Cal.2d at p. 880; *Henn* v. *Henn, supra*, 26 Cal.3d at p. 329; *Agarwal* v. *Johnson* (1979) 25 Cal.3d 932, 954 [160 Cal.Rptr. 141, 603 P.2d 58]; *Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593].) Under this aspect of res judicata the prior final judgment on the merits not only settles issues that were not actually litigated but also every issue that might have been raised and litigated in the first action. (*Olwell* v. *Hopkins* (1946) 28 Cal.2d 147, 152 [168 P.2d 972]; *Merry* v. *Coast Community College Dist., supra*, 97 Cal.App.3d at pp. 222, 224-225.) It also precludes litigation of the same cause of action on a different legal theory or for different relief. (*Slater* v. *Blackwood, supra*, 15 Cal.3d at p. 795; *Merry* v. *Coast Community College Dist., supra*.) In these respects, this aspect of res judicata is closely related to and parallels the rule prohibiting piecemeal litigation by splitting a single cause of action. (See *City of Los Angeles* v. *Superior Court* (*Levy*), *supra*, 85 Cal.App.3d at pp. 150-151; *Merry* v. *Coast Community College Dist., supra*, 97 Cal.App.3d at p. 221; *Gorman* v. *Gorman, supra*, 90 Cal.App.3d at p. 464.)

■ ■■■ Defendants assert that the cause of action sued upon by plaintiff in the case at bench is the same cause of action as he sued upon in the federal case, that only plaintiff's legal theory is different, and that, therefore, the federal court judgment bars plaintiff's maintenance of this action even if negligence was not actually litigated in the federal court action.[2] (See *Levy* v. *Cohen, supra,* 19 Cal.3d at pp. 173-174; *Slater* v. *Blackwood, supra,* 15 Cal.3d at pp. 795-797; *City of Los Angeles* v. *Superior Court (Levy), supra,* 85 Cal.App.3d at pp. 150-151; *Panos* v. *Great Western Packing Co.* (1943) 21 Cal.2d 636, 638-640 [134 P.2d 242].)

Although the plaintiff cannot quite bring himself to concede that the cause of action sued upon in the state court is the same as that sued upon in the federal court action, he makes no argument to the contrary. ■ The parties' discussion of the "primary rights" theory employed by California courts in analyzing what constitutes a cause of action (see *Agarwal* v. *Johnson, supra,* 25 Cal.3d at p. 954; *Merry* v. *Coast Community College Dist., supra,* 97 Cal.App.3d at p. 227; *City of Los Angeles* v. *Superior Court (Levy), supra,* 85 Cal.App.3d at pp. 152-153; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 22, p. 1707) indicates that plaintiff's cause of action in the two suits is the same. While the utility of the "primary rights" doctrine as an analytical tool has been questioned (see, e.g., *Merry* v. *Coast Community College Dist., supra,* 97 Cal.App.3d at p. 227, fn. 9; *City of Los Angeles* v. *Superior Court (Levy), supra,* 85 Cal.App.3d at p. 153), the singlemost determinative factor is the substantive right of the plaintiff allegedly violated, the harm suffered. (*Agarwal* v. *Johnson, supra;* see also *City of Los Angeles* v. *Superior Court (Levy), supra,* 85 Cal.App.3d at p. 153.)

Defendants assert and plaintiff does not contest that the two primary rights of plaintiff that were the basis of the federal court action are the same as those that constitute the basis for this action. Those rights are two aspects of plaintiff's interest in personal security and integrity: (1) the right to be free from personal injury, and (2) the right to be free from arrest unless pursuant to a warrant valid on its face or upon reasonable cause and, in either event, without excessive force. The allegation in the state court action that defendants' conduct was negligent as opposed to having been accompanied by a mental state

---

[2]For res judicata purposes, the federal judgment is considered final notwithstanding the pendency of plaintiff's appeal from the judgment. (See *Levy* v. *Cohen, supra,* 19 Cal.3d at p. 172, and cases there cited.)

necessary to support a federal civil rights action is simply a different way of expressing an invasion of the same primary rights or the assertion of a different legal theory for recovery. (Cf. *City of Los Angeles* v. *Superior Court* (*Levy*), *supra*, 85 Cal.App.3d at pp. 153-154; also cf. *Panos* v. *Great Western Packing Co., supra*, 21 Cal.2d at p. 638; *Ford Motor Co.* v. *Superior Court* (1973) 35 Cal.App.3d 676, 679 [110 Cal. Rptr. 59].) To the extent that plaintiff seeks recovery for an invasion of his interest in personalty, that right too is the same here as it was in the federal court action. (Cf. *City of Los Angeles* v. *Superior Court* (*Levy*), *supra*.)

However, it does not necessarily follow, as defendants appear to contend, that the instant state court action is barred by the judgment in the federal district court. The aspect of res judicata generally referred to "bar" has the effect of making conclusive on the parties the adjudication of all matters of fact that could have been litigated in the proceeding. (*Merry* v. *Coast Community College Dist., supra*, 97 Cal. App.3d at pp. 224-225; see also *Levy* v. *Cohen, supra*, 19 Cal.3d at pp. 173-174.) Plaintiff contends, in essence, that since he attempted to have the question of defendants' negligence adjudicated in the federal court action and was precluded from doing so by the federal court's refusal to take pendent jurisdiction of the state court claim, it cannot fairly be said that that question could have been litigated in that action. Thus, plaintiff concludes the judgment in that action should not bar maintenance of the instant action.

In support of his position, plaintiff relies primarily upon the decision of this court in *Merry* v. *Coast Community College Dist., supra*, 97 Cal.App.3d 214, and several sections, illustrations and portions of commentary from the Restatement of Judgments and the Restatement Second of Judgments, Tentative Draft No. 5 (hereafter cited as Rest. 2d Judgments). Defendants rely in support of their position to the contrary primarily upon *Slater* v. *Blackwood, supra*, 15 Cal.3d 791, *Panos* v. *Great Western Packing Co., supra*, 21 Cal.2d 636; *City of Los Angeles* v. *Superior Court* (*Levy*), *supra*, 85 Cal.App.3d 143, and portions of the Restatement of Judgments. As we shall see, plaintiff appears to have somewhat the better of it on the basis of the authorities cited, although none of them are controlling.

The *Slater* and *Panos* decisions are really of no great help in resolving the problem here presented. Both decisions utilize the "primary rights" theory and conclude that if both actions seek recovery for inva-

sion of the same primary right they are the same cause of action notwithstanding that recovery is sought in the second suit on a different legal ground or theory. Both decisions are in precise accord with section 63 of the Restatement of Judgments and comment c thereto which state in substance that a judgment in an action for negligent injury precludes a subsequent action for intentional or reckless invasion of the same primary right, even if the issues of intentional or reckless injury were not actually litigated in the first action.

More to the point is section 62 of the Restatement of Judgments which sets out the rule prohibiting splitting a cause of action. In essence, it provides that a judgment which precludes the plaintiff from thereafter maintaining an action upon the same cause of action also precludes maintaining an action upon any part of the original cause of action even though that part of the cause of action was not actually litigated in the earlier suit, unless (1) the procedure adopted by the plaintiff precluded his recovery for the entire claim and was essential to preserving his rights, or (2) the defendant's fraud or misrepresentation prevented the plaintiff from presenting the entire claim in the original action, or (3) the defendant consented to the splitting of the plaintiff's cause of action.

Comment j to section 62 is particularly pertinent. It provides: "The rule stated in this Section against splitting causes of action is applicable although the first action is brought in a court which has no jurisdiction to give a judgment for more than a designated amount. . . . The rule is also applicable where the first action is brought in a court of limited jurisdiction which has no jurisdiction to give a judgment as to one part of the plaintiff's claim. Where the plaintiff brings an action in such a court to enforce a part of his claim and recovers judgment, he is thereby precluded from thereafter maintaining an action for the other part of his claim. . . . The plaintiff, having voluntarily brought his action in a court which can give him only a limited remedy, cannot insist upon obtaining a further remedy in another action."

Section 62 of the Restatement of Judgments and comment j thereto were relied on in part by the court in *City of Los Angeles v. Superior Court (Levy)*, *supra*, 85 Cal.App.3d at page 151, in granting a peremptory writ of mandate to compel the superior court to dismiss the plaintiff's state court action seeking damages for the seizure, withholding and loss of personal property because it was barred by a judgment

entered on a jury verdict in a prior federal court civil rights action based on the same facts. The court reasoned: "[N]o one compelled [plaintiff] to file his civil rights action in the federal court. He could have sued in the state court (*Williams* v. *Horvath* (1976) 16 Cal.3d 834, 837 [129 Cal.Rptr. 453, 548 P.2d 1125]), where his power to join the conversion counts with his civil rights grievances would have been unquestioned. [Citation omitted.] Third: it appears to be the law that a litigant cannot avoid the impact of the rule against splitting causes of action by choosing for his first foray a tribunal of limited jurisdiction. (Rest., Judgments, § 62, com. j; cf. *Zirker* v. *Hughes* (1888) 77 Cal. 235 [19 P. 423].)" (85 Cal.App.3d at p. 151; cf. *Ford Motor Co.* v. *Superior Court, supra*, 35 Cal.App.3d at pp. 679-680.) Both the *City of Los Angeles* and *Ford Motor Co.* decisions, however, are distinguishable from the case at bench because in those cases the respective plaintiffs had failed to attempt to have the federal court exercise pendent jurisdiction over the state claims, and in each case the appellate court determined that the federal court would in all likelihood have exercised pendent jurisdiction.

Plaintiff also argues that the exception set forth in section 62 making it permissible to split a cause of action if the defendant impliedly or expressly consents, is applicable in this case because defendants resisted plaintiff's effort to have the federal court take pendent jurisdiction over his state claim and urged the federal court not to exercise pendent jurisdiction.

■ While it is true that defendants did urge the federal court not to exercise pendent jurisdiction over the state claim, we do not think defendants can be said thereby to have consented to this successive suit in the state court. Defendants have maintained consistently from the outset that plaintiff should have instituted his suit in the state court where as a matter of right he could have litigated both his federal and state claims. Thus, defendants did not consent to plaintiff's splitting his cause of action. On the contrary, their tactics in the federal court were undoubtedly aimed at causing plaintiff to litigate both claims simultaneously in the state court.

However, interwoven with plaintiff's consent theory is his reliance on section 67 of the Restatement of Judgments and portions of the commentary and illustrations to section 67. Section 67 provides: "Where in an action the court holds that the plaintiff cannot enforce a particular

claim in that action on the ground that he can enforce it only in a separate action, the judgment does not preclude the plaintiff from enforcing the claim in another action, although in the second action it appears that the holding of the court in the first action was erroneous." In comment a to section 67 it is stated that the rule is applicable whether or not the defendant is taking inconsistent positions in the two actions and that it is immaterial that the plaintiff did not appeal from the ruling of the court in the first action. In comment e it is stated: "The rule stated in this Section is applicable where the plaintiff brings an action alleging two or more grounds for the same relief, and the court erroneously holds that he cannot recover on one of the grounds except in a separate action. In such a case, although judgment is given for the defendant in the original action, the plaintiff is not precluded from maintaining a subsequent action based upon the ground which was excluded from the first action. It is true that a judgment for the defendant ordinarily precludes the plaintiff from subsequently maintaining an action on the same cause of action although he presents other grounds for the relief asked (see § 63). This rule, however, is not applicable where the court erroneously denies him an opportunity in the original action to present the other grounds for the relief asked."

Plaintiff relies particularly on illustration 6 to comment e of section 67. The illustration hypothesizes that in the first action the plaintiff alleges two counts, one for negligent injury and the second for wilful injury; that on the motion of the defendant the court strikes out the negligence count, erroneously ruling that there is a misjoinder of causes of action; that upon trial the plaintiff is unable to prove that the defendant wilfully caused the injury and that verdict and judgment are given for the defendant. The illustration concludes that the plaintiff is not precluded by the judgment from thereafter maintaining a second action against the defendant for negligently causing the injury.

Although plaintiff does not assert that the federal court erred in refusing to exercise pendent jurisdiction over the state claim, he argues that the result should nevertheless be the same when the court in the first action has discretionary jurisdiction and declines to exercise jurisdiction. From a consideration of the commentary and illustrations given under section 67 of the Restatement of Judgments, it appears probable that the authors were not attempting in section 67 to address the state court-federal court-pendent jurisdiction problem, but, rather, erroneous rulings in the first action by a court within a single court system. The

rules set forth in section 67 are eminently sound when applied to a single court system, for having attempted to litigate his claim on all theories and grounds and having been turned out of court as to one or more theories or grounds, what more could be expected of the plaintiff? In the state court-federal court-pendent jurisdiction milieu, however, when the federal court refuses to exercise pendent jurisdiction, the plaintiff has, as we shall discuss, the alternative of litigating both claims and all theories in the state court. Whether the existence of that alternative renders the rules set forth in section 67 inapplicable is a matter we address *infra*.

Some effort has been made by the authors of the Restatement Second of Judgments, Fifth Tentative Draft, to deal with the state court-federal court-pendent jurisdiction problem. Section 61 sets forth the general rule that "[w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."

Comment g to section 61 reads: "The rule stated in this Section as to splitting a claim is applicable although the first action is brought in a court which has no jurisdiction to give a judgment for more than a designated amount. When the plaintiff brings an action in such a court and recovers judgment for the maximum amount which the court can award, he is precluded from thereafter maintaining an action for the balance of his claim. . . . It is assumed here that a court was available to the plaintiff in the same system of courts—say a court of general jurisdiction in the same state—where he could have sued for the entire amount. Compare § 61.2, Comment *c*. The same considerations apply when the first action is brought in a court which has jurisdiction to redress an invasion of a certain interest of the plaintiff, but not another, and the action goes to judgment on the merits. (See Illustration 14 [judgment in a suit for property damage bars a second suit for personal injury, even if the forum chosen by the plaintiff for the first action lacked subject matter jurisdiction over an action for personal injury].) The plaintiff, having voluntarily brought his action in a court which can grant him only limited relief, cannot insist upon maintaining another action on the claim. [¶] Compare § 61.1, Comment *e*, and § 61.2, Comment *d(1)*, on special problems of state and federal competencies."

Comment e to section 61.1 provides: "A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If, however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded."

Illustration 10 under comment e to section 61.1 reads: "A commences an action against B in a federal court for treble damages under the federal antitrust laws. After trial, judgment is entered for the defendant. A then seeks to commence an action for damages against B in a state court under the state antitrust law grounded upon substantially the same business dealings as had been alleged in the federal action. Even if diversity of citizenship between the parties did not exist, the federal court would have had 'pendent' jurisdiction to entertain the state theory. Therefore, unless it is clear that the federal court would have declined as a matter of discretion to exercise that jurisdiction (for example, because the federal claim, though substantial, was dismissed in advance of trial), the state action is barred."

Comment e to section 61.1 and illustration 10 thereunder were relied on in part by this court in *Merry* v. *Coast Community College Dist.*, *supra*, 97 Cal.App.3d at page 229, in holding that a federal court summary judgment dismissing a civil rights action could not preclude a subsequent state court action based on the same operative facts. We reasoned in part that upon summary disposition of the federal claim, the federal court would doubtless have refused to exercise pendent jurisdiction over the state claim and that, therefore, the state claim was not barred by the summary judgment dismissing the federal claim.

Plaintiff argues that because he did attempt to have the federal court exercise pendent jurisdiction over the state claim and it refused to do so, a fortiori, his state court action is not barred by the federal court judgment in the case at bench. However, *Merry* is distinguishable from the instant case on two fundamental bases. First, the decision in *Merry*

was greatly influenced by the summary nature of the federal court judgment, and we were at pains to make that plain. (See 97 Cal.App.3d at pp. 227-228, 230.) Secondly, it is by no means clear that in *Merry* the cause of action asserted by plaintiff in the federal court action was the same cause of action as that asserted in the state court action, and we expressly declined to resolve that question in *Merry*. (See 97 Cal. App.3d at p. 227.)

While comment e to section 61.1 and illustration 10 do not expressly deal with the situation where the plaintiff has attempted to have the federal court exercise pendent jurisdiction over his state claim and the federal court has refused to do so, it is fairly plain from the comment and illustration that the authors of the Restatement Second would conclude that a subsequent state court action is not barred. That conclusion, however, would be somewhat inconsistent with the rule set forth in comment g to section 61 of the Restatement Second of Judgments and *City of Los Angeles* v. *Superior Court* (*Levy*), *supra*, 85 Cal.App.3d at page 151 that a litigant may not avoid the rule prohibiting splitting a cause of action by selecting a forum of limited jurisdiction.

We believe the rule was properly applied in the *City of Los Angeles* case where the plaintiff made no attempt to have the federal court exercise pendent jurisdiction over the state claim and the appellate court concluded that the federal court would have exercised pendent jurisdiction had it been requested to do so. However, application of the rule to preclude a subsequent state court action solely because the plaintiff elected to sue in federal court in the first instance appears to us inappropriate in a case in which the plaintiff did request the federal court to take pendent jurisdiction and it declined to do so. It would have an unwarranted and unnecessary chilling effect upon the invocation of the jurisdiction of the federal courts in civil rights actions.

The initial choice by the plaintiff to file suit in federal court will not necessarily result in splitting his cause of action, because the federal court may well exercise pendent jurisdiction over the nonfederal claim. However, when the federal court has been requested to and has declined to exercise pendent jurisdiction over the nonfederal claim, the plaintiff is presented with a new choice. He may proceed to trial on the federal claim or, usually, he may elect to dismiss the federal claim without prejudice (see Fed. Rules Civ.Proc., rule 41(a)(1)) and litigate both

claims in the state court[3] (see *Merry* v. *Coast Community College Dist., supra,* 97 Cal.App.3d at p. 224; *City of Los Angeles* v. *Superior Court (Levy), supra,* 85 Cal.App.3d at p. 151). Once it is known that the federal court will not exercise pendent jurisdiction over the state claim, plaintiff's proceeding to trial in the federal court on the federal claim alone will necessarily result in splitting the plaintiff's cause of action, and that fact should be apparent to the plaintiff.

■ In such circumstances the rule that would best accommodate the rights of the plaintiff to fully litigate his claim and to invoke the jurisdiction of the federal court and the right of the defendant, the courts and the public to be free of multiple litigation of the same cause of action, is that once the federal court has declined to exercise pendent jurisdiction over the state claim, if the plaintiff then elects to proceed to trial and judgment in the federal court, his entire cause of action is either merged in or barred by the federal court judgment so that he may not thereafter maintain a second suit on the same cause of action in a state court.

A contrary rule would invite manipulation. It would permit a plaintiff halfheartedly to request the federal court to exercise pendent jurisdiction, offer little resistance to any argument by the defendant against its exercise, and hope that the federal court would decline to exercise pendent jurisdiction and thereby reserve to the plaintiff a second chance to prevail in a state court action should he be successful in the federal court. Judicious utilization of judicial and litigant resources become ever more essential in the wake of the law explosion. The efficient administration of justice would not be advanced by a rule resulting in or encouraging multiple litigation of a single cause of action.

Finally, plaintiff argues that defendants are estopped from asserting the bar of the federal court judgment because they urged the federal court not to exercise pendent jurisdiction over the state claim. There are, of course, situations in which the defendant's conduct with respect to a claim or a portion of a claim in the first action will estop him from asserting that the judgment in the first action is res judicata as to a second. (See, e.g., *Slater* v. *Blackwood, supra,* 15 Cal.3d at pp. 797-798,

---

[3]If the plaintiff commences suit in the state court promptly after the federal court has declined to exercise pendent jurisdiction, the doctrine of equitable tolling will avoid the bar of the statute of limitations if by then the period of limitations has expired. (*Addison* v. *State of California* (1978) 21 Cal.3d 313, 319-321 [146 Cal.Rptr. 224, 578 P.2d 941]; *Nichols* v. *Canoga Industries* (1978) 83 Cal.App.3d 956, 962-964 [148 Cal.Rptr. 459].)

citing *Lunsford* v. *Kosanke* (1956) 140 Cal.App.2d 623, 628-631 [295 P.2d 432], and decisions there discussed.) However, as we similarly concluded with respect to plaintiff's argument that defendants consented to plaintiff's splitting his cause of action, imposing an estoppel upon defendants in the case at bench because they urged the federal court not to exercise pendent jurisdiction over the state claim is unwarranted. The position of defendants was that the state claim would be better heard in the state court and that inasmuch as the state court had jurisdiction to litigate the federal civil rights action also, both aspects of the claim should be litigated together in a state court action. That position is not inconsistent with their present claim that, having proceeded to trial in the federal court on the civil rights action, plaintiff is barred from relitigating the cause of action in the state court.

Having concluded that the trial court correctly ruled that the present action is barred by the federal court judgment, we have no occasion to reach the questions whether plaintiff's action is barred by a statute of limitations or whether, as plaintiff asserts, the doctrine of equitable tolling applies so that the applicable statutes of limitation have not run (but see fn. 3, *ante*).

The judgment is affirmed.

Tamura, Acting P. J., and McDaniel, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 27, 1980.