[No. B043914. Second Dist., Div. Seven. June 29, 1990.]

JAMES CRAIG, JR., Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Kroll & Firestone, Gerald L. Kroll and Ronald M. Takehara for Plaintiff and Appellant.

De Witt W. Clinton, County Counsel, and Alan K. Terakawa, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**JOHNSON, J.**—Plaintiff James Craig, Jr., appeals from the order of dismissal on his causes of action for fraud, intentional infliction of emotional distress and employment discrimination against defendants County of Los Angeles, Los Angeles County Sheriff's Department, Thomas Sherrill, Victor Adorian, and the department of small craft harbors (collectively referred to as respondents). We hold the trial court erroneously concluded these causes of action were barred by the doctrine of res judicata. We therefore reverse.

### STATEMENT OF FACTS AND PROCEEDINGS BELOW

Appellant was hired for the position of harbor patrol officer I in 1967. He did not pass the sheriff's academy's training requirements and was discharged.

In 1970 appellant was rehired and completed the requisite training. However, he was discharged on the last day of his probation. Appellant unsuccessfully appealed the discharge, alleging racial discrimination.

In 1979, appellant again applied for the position of harbor patrol officer I. When he received a failing score in his oral interview, appellant appealed to the civil service commission (the Commission) which ordered the department of beaches and harbors (the Department), the successor department to small craft harbors, to reinterview him.

Following the second interview, appellant received a passing score of 91.5 percent.

Appellant underwent a physical examination. When he attempted to obtain those results, defendant Thomas Sherrill, the harbor master, failed to inform appellant he had only taken the first of a two-part physical examination. This information was withheld because defendant Victor Adorian, the director of small craft harbors, did not want appellant hired because of appellant's prior discrimination action. Sherrill ultimately told appellant the Department was no longer hiring.

Appellant then petitioned the Commission for a hearing which was granted. The hearing officer determined the decision not to hire appellant was motivated by retaliation for his prior discrimination suit. The hearing officer recommended the Department be ordered to arrange a preemployment physical examination for appellant and if he was found medically fit, to hire him immediately to fill a vacancy for harbor patrol officer I.

The Commission adopted the hearing officer's findings and recommendation. The Department petitioned the superior court pursuant to Code of Civil Procedure section 1094.5 for a writ of mandate setting aside the Commission's order.[1] In a separate proceeding, appellant petitioned the superior court pursuant to section 1085 for a writ of mandate directing the Department to comply with the Commission's order.

Appellant prevailed in both proceedings and the Department appealed. On July 25, 1984, in an opinion authored by then Justice Lillie for Division One of this district, the Court of Appeal held in favor of appellant and ordered the sheriff's department to arrange a physical examination for appellant and, if appellant was certified as medically fit, to immediately accept him as a transferee harbor patrol officer I.[2]

Despite this order, the Department remained recalcitrant, imposing various obstacles to appellant's appointment. The Court of Appeal then recalled its remittitur in January 1985 and, in a strongly worded opinion, held the sheriff's department's "obstructionist conduct" estopped it from requiring appellant to successfully complete his physical examination and ordered appellant to be immediately accepted as a transferee harbor patrol officer I without any requirement he undergo training or a probationary period.

Finally yielding to the order of this court, the Department hired appellant in 1985. He then filed an action in federal district court against respondents for employment discrimination under title VII of the Civil Rights Act, violations of his civil rights under 42 United States Code sections 1981, 1983, intentional infliction of emotional distress and fraud. Appellant moved for summary judgment on the liability claims based upon the collateral estoppel effect of the Court of Appeal's opinions.

The district court held the federal claims were barred by the doctrines of merger and bar and collateral estoppel based upon the prior state proceedings. After granting summary judgment for respondents on the federal claims, the district exercised its discretion not to hear the pendent state claims and dismissed those claims. The Ninth Circuit affirmed.

Appellant then filed this action against respondents for declaratory relief, violation of Government Code section 12940 et seq. (employment discrimination), violation of 42 United State Code sections 1981, 1983, intentional infliction of emotional distress and fraud. The trial court sustained

---

[1] All subsequent statutory references are to the Code of Civil Procedure unless we specify otherwise.

[2] We take judicial notice of the Court of Appeal opinion as well as the federal decisions pursuant to Evidence Code section 452.

respondents' demurrer with leave to amend. Appellant filed a first amended complaint which alleged causes of action for violation of Government Code section 12940 et seq., intentional infliction of emotional distress and fraud.

Respondents again demurred arguing, inter alia, the action was barred by res judicata. The trial court agreed and dismissed the complaint. Appellant timely appealed from the order of dismissal.

## I. THE FEDERAL ACTION DOES NOT BAR THE SUBSEQUENT STATE PROCEEDING.

In this case, we must consider the application of res judicata as both a merger and a bar to appellant's causes of action. ■ In its aspect as a bar to future actions, a valid final judgment on the merits in favor of the defendant bars further litigation on the same cause of action. (*Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593]; see 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 249, p. 687.) This bar includes "matters which were relevant and within the scope of the first action, which thus *could* have been raised in the first suit." (*Duffy* v. *City of Long Beach* (1988) 201 Cal.App.3d 1352, 1358 [247 Cal.Rptr. 715], original italics.) ■ If the second action involves a different cause of action, rather than a different legal theory, the doctrine will not apply. (*Agarwal* v. *Johnson* (1979) 25 Cal.3d 932, 954 [160 Cal.Rptr. 141, 603 P.2d 58].)

■ Appellant argues the district court did not consider the pendent state claims and, therefore, the federal decision cannot bar the state claims under the doctrine of res judicata. ■ ■ ■ ■ This is correct.[3]

■ As appellant correctly contends, the decision in *Merry* v. *Coast Community College Dist.* (1979) 97 Cal.App.3d 214 [158 Cal.Rptr. 603] is analogous. There, the plaintiff filed an action in federal court for declaratory relief and claims under the Civil Rights Act, and various constitutional provisions. (*Id.* at p. 219.) During the pendency of the federal action, the plaintiff filed a state action alleging the same material facts and seeking declaratory relief and rescission on a contract. (*Id.* at p. 225.)

The federal district summarily adjudicated the federal action against the plaintiff. The defendants then moved for summary judgment against the plaintiff in state court arguing the federal action was res judicata as to the state action. The Court of Appeal disagreed.

---

[3] Respondents incorrectly argue appellant waived this issue by failing to raise it below. A party may raise a purely legal issue for the first time on appeal. (See *Tyre* v. *Aetna Life Ins. Co.* (1960) 54 Cal.2d 399, 405 [6 Cal.Rptr. 13, 353 P.2d 725].)

The *Merry* court acknowledged the federal action could be res judicata to the state claims even though the state claims were not raised in the federal proceeding. (97 Cal.App.3d at p. 223.) However, the court noted that "a refusal to exercise pendent jurisdiction over a state claim following pretrial dismissal of a federal claim does not bar litigation of state claims in the state court." (*Id.* at p. 228.) The Court of Appeal concluded the federal district court would have exercised its discretion to dismiss the pendent claims rather than adjudicate them and, accordingly, there could be no res judicata effect to the state claims. (*Id.* at p. 225.)[4]

Here, we need not speculate whether the federal court would exercise its discretion to dismiss the pendent state claims. It expressly did so. Further, as was the case in *Merry*, the disposition of the federal claims here was by pretrial summary adjudication. Thus, the district court's pretrial dismissal of the federal claims does not bar the litigation of appellant's state claims in state court. (*Id.* at p. 225; see *Mine Workers* v. *Gibbs* (1966) 383 U.S. 715, 726-727 [16 L.Ed.2d 218, 228, 86 S.Ct. 1130]; *Calderone Enter. Corp.* v. *United Artists Theatre Circuit* (2d Cir. 1971) 454 F.2d 1292, 1297; *Retail Clerks U., Local 770* v. *Retail Clerks Int. Assn.* (C.D.Cal. 1973) 359 F.Supp. 1285, 1288; Rest.2d Judgments, § 25, com. e., illus. 10.)

Respondent, relying upon *Mattson* v. *City of Costa Mesa* (1980) 106 Cal.App.3d 441 [164 Cal.Rptr. 913], argues the federal action should also bar appellant's pendent state claims. *Mattson* was decided by the same division which previously decided the *Merry* case. Even a cursory analysis demonstrates *Mattson* is contrary to respondent's position.

In *Mattson,* the plaintiff filed a civil rights action in federal court. His action included a pendent state claim for negligence. (106 Cal.App.3d at p. 444.) The federal court declined jurisdiction of the state claim and the plaintiff proceeded to trial on his federal action. In the interim he filed, but did not serve, his dismissed claim in state court. The defendants prevailed in federal court and were then served with the state action. (*Id.* at p. 445.) The defendants successfully demurred to the state action arguing it was barred by res judicata.

In sustaining the order of dismissal, the Court of Appeal noted *Mattson* was distinguishable from *Merry* because, in *Merry*, the federal action was summarily resolved before trial. "[T]he decision in *Merry* was greatly influenced by the summary nature of the federal court judgment, and we were at pains to make that plain." (106 Cal.App.3d at pp. 453-454.)

---

[4] As is the case here, the court referred to federal law to determine the federal action's res judicata effect. (*Id.* at p. 227; see *Martin* v. *Martin* (1970) 2 Cal.3d 752, 761, fn. 13 [87 Cal.Rptr. 526, 470 P.2d 662].)

Further, the *Mattson* court observed "application of the rule [prohibiting a party from splitting a cause of action] to preclude a subsequent state court action solely because the plaintiff elected to sue in federal court in the first instance appears to us inappropriate in a case in which the plaintiff did request the federal court to take pendent jurisdiction and it declined to do so." (106 Cal.App.3d at p. 454.)

Here, appellant's federal claim was summarily resolved without a trial. Further, the federal court refused to exercise its discretion to resolve the state claims despite appellant's request that it do so. It is plain from the federal court's decision it was leaving resolution of the pendent claims to state court when it noted the statute of limitations on those claims was equitably tolled because of the court's decision not to exercise pendent jurisdiction. (See *Mattson* v. *City of Costa Mesa, supra,* 106 Cal.App.3d at p. 455, fn. 3; *Addison* v. *State of California* (1978) 21 Cal.3d 313, 320-321 [146 Cal.Rptr. 224, 578 P.2d 941].)

In sum, the federal action does not bar appellant's action here. We must now consider whether appellant has violated the prohibition of splitting causes of action between this case and the prior mandate proceedings.

II. THE STATE MANDATE PROCEEDINGS INVOLVED A DIFFERENT PRIMARY RIGHT THAN THE ONE INVOLVED HERE AND, THEREFORE, CANNOT OPERATE TO BAR THIS ACTION.

■ Under the doctrine of res judicata, once a plaintiff prevails on his claim, the cause of action is merged into the judgment and the plaintiff's only remaining right is on the judgment. (*Impac Imported Parts & Accessories Corp.* v. *Rattray* (1979) 95 Cal.App.3d 792, 797 [157 Cal.Rptr. 226].) This merger prohibits a plaintiff from splitting a single cause of action into successive suits. (See *Hatch* v. *Bank of America* (1960) 182 Cal.App.2d 206, 210 [5 Cal.Rptr. 875].) ■ Appellant argues the state mandate proceedings involved different causes of action than those raised here and, therefore, he has not improperly split any cause of action. We agree.

"To determine the scope of causes of action, California courts employ the 'primary rights' theory. Under this theory, the underlying right sought to be enforced determines the cause of action. In determining the primary right, 'the significant factor is the harm suffered.' [Citation.]" (*Takahashi* v. *Board of Education* (1988) 202 Cal.App.3d 1464, 1474 [249 Cal.Rptr. 578]; accord *Mattson* v. *City of Costa Mesa, supra,* 106 Cal.App.3d 441, 447.)

Here, the primary right in the mandate actions involved the right to be employed as a harbor patrol officer. The later action to recover damages

because of the denial of that right involves a different primary right. The case of *Daugherty* v. *Board of Trustees* (1952) 111 Cal.App.2d 519 [244 P.2d 950], demonstrates this distinction.

In *Daugherty* v. *Board of Trustees, supra*, 111 Cal.App.2d 519, a teacher petitioned the trial court for a writ of mandate compelling the school to reinstate her as a permanent employee and to fix her salary at a certain rate. (*Id.* at pp. 520-521.) The writ was granted and the teacher was reinstated. The teacher then brought a second action to recover her salary for the period in which she was denied reinstatement. The trial court awarded the salary and the school appealed.

On appeal, the school argued res judicata barred the teacher from recovering her salary in a separate action since the teacher could have recovered her salary in the prior action. The Court of Appeal disagreed.

"[I]t is clear defendants may not successfully rely on the doctrine of res judicata. The first mandamus proceeding was to compel defendants to reinstate petitioner, classify her as a permanent employee, and fix her salary for the years in question. Its purpose was to compel admission of petitioner to the enjoyment of a right to which she was entitled, and from which she was wrongfully excluded by defendants as public officials.

"The present proceeding is to compel the performance of an act which the law specifically enjoins as a duty resulting from the office of defendants, viz: the payment of petitioner's salary which they had previously fixed but refused to pay after her demand.

"The causes of action in the two proceedings were thus separate and distinct, although arising out of the same subject matter. Hence a favorable judgment in the first proceeding is not a bar to this proceeding for unpaid salary since no issue was tendered or adjudication had thereon in the first proceeding with respect to the payment of salary." (*Id.* at p. 522; see also *Myers* v. *County of Orange* (1970) 6 Cal.App.3d 626, 632-633 [86 Cal.Rptr. 198] [prior mandate proceeding to compel hearing re discharged employee did not bar subsequent action for damages].)

The same is true here. The mandate proceedings were instituted to enforce appellant's right to employment as a harbor patrol officer. The issue of past salary or damages was not tendered or considered in that action. Only now, when appellant seeks recovery for the harm which resulted in the respondents' wrongful conduct, are these issues raised.

Further, the type of harm involved in the mandate proceedings are different than the type of wrong in the present case. In the mandate actions,

the harm suffered was the denial of the harbor patrol position despite the Commission's order that he be hired. In this action, the harm suffered included the emotional distress which resulted from respondents' wrongful conduct. The Supreme Court explained this difference in *Agarwal* v. *Johnson, supra,* 25 Cal.3d 932.

In *Agarwal* v. *Johnson, supra,* 25 Cal.3d 932, a plaintiff commenced a damages action against several individuals and a corporation for, inter alia, defamation and intentional infliction of emotional distress based upon alleged discrimination. The plaintiff prevailed on both claims and was awarded damages.

During the pendency of the defendants' appeal, the defendants received a favorable judgment in the plaintiff's title VII action commenced in federal district court based upon employment discrimination. The defendants then moved to dismiss the state action arguing the district court decision operated as res judicata to bar the pending state action.

The Supreme Court denied the motion to dismiss. The court acknowledged the same operative facts existed in both actions; however, it concluded the dispositive issue was whether the plaintiff was seeking damages for the same harm suffered. (25 Cal.3d at p. 954.) In the title VII action, the plaintiff's recovery was limited to back pay; in the state action, the plaintiff recovered for defamation and intentional infliction of emotional distress. Thus, "in the present action [the plaintiff] was awarded damages for harm distinct from employment discrimination." (*Id.* at p. 955.)

Since appellant here is seeking to recover damages for harm distinct from his action to compel enforcement of the Commission's order, there are different primary rights involved. Accordingly, the mandate actions cannot bar this action.

Respondents do not address whether there are separate primary rights involved. Instead, without any supporting authority, they argue that since the federal court concluded the federal claims were barred by the state mandate actions, the pendent state claims are also barred.

Of course, since the federal court dismissed the pendent state claims, it never considered whether the state mandate proceedings barred these claims. The analysis of this issue has been left to us. We conclude that since different primary rights are involved, the doctrine of res judicata does not apply.

## DISPOSITION

The judgment is reversed. Appellant is to recover his costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.