NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YEVGENIY V. SIDOROV, | No.   18-16876 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00002-KJM-DB |
| v. | |
| TRANSAMERICA LIFE INSURANCE COMPANY, FKA Transamerica Occidental Life Insurance Company; TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted October 19, 2020**
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Yevgeniy Sidorov brings a host of claims against Transamerica Life

Insurance Co. (TLIC) for its conduct in managing a life insurance policy for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sidorov's mother before and after she was murdered by his stepfather. However, his substantive claims are all barred by res judicata or failure to file within the statutes of limitations, and his claim for declaratory relief was based on those barred claims. Therefore, we will affirm the district court's order granting TLIC's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.[1]

We review de novo rulings on Rule 12(b)(6) motions. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010). We will reverse a 12(b)(6) dismissal only "if, taking all well-pleaded factual allegations as true, [the complaint] contains enough facts to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted).

1.      Res judicata bars Sidorov's claims for breach of contract and breach of the implied covenant of good faith and fair dealing insofar as they are based on allegations of delay or underpayment of insurance proceeds. The doctrine "applies when [an] earlier suit: (1) reached a final judgment on the merits; (2) involved the same cause of action or claim; and (3) involved identical parties or privies." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006). However, "cause of action" is construed broadly to mean "the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory . . . advanced." *Boeken*

---

[1]      The district court had jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction to review a district court's final order under 28 U.S.C. § 1291.

2

*v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010). In practice, this means res judicata bars claims against an insurer for breach of the implied covenant of good faith and fair dealing when the claim "might have been raised and litigated in" a prior action concerning a policy breach. *Lincoln Prop. Co., N.C. v. Travelers Indem. Co.*, 41 Cal. Rptr. 3d 39, 45 (Ct. App. 2006) (quoting *Mattson v. City of Costa Mesa*, 164 Cal. Rptr. 913, 916 (Ct. App. 1980)).

Here, the probate court made a final decision regarding the sum of life insurance proceeds TLIC was required to pay out to Sidorov by agreeing to the parties' stipulated amount, including "applicable interest" and "premiums paid following" the insured's death. If Sidorov wanted to seek additional interest or proceeds from the premiums, or if he wanted to bring additional claims against TLIC for breaching implied covenants of the policy by delaying payment to Sidorov, those claims "might have been raised and litigated in" the probate court. *See Lincoln Prop. Co.*, 41 Cal. Rptr. 3d at 45; *see also Estate of Kraus*, 108 Cal. Rptr. 3d 760, 766 (Ct. App. 2010) (a probate court can hear "causes of action, or matters that are normally raised in a civil action to the extent that the matters are related factually to the subject matter of a petition"). Instead, Sidorov again seeks a monetary award from TLIC for the same alleged underpayment of the life insurance policy proceeds, but from another court. Thus, his claims for breach of contract and breach of the implied covenant of good faith and fair dealing, insofar

as they are based on the insurance proceeds, are barred by res judicata.

2. Sidorov's remaining claims were all appropriately dismissed for failure to abide by the relevant statutes of limitations. The negligence, negligence per se, and wrongful death claims needed to be brought within the relevant two-year statutes of limitations. Cal. Civ. Proc. Code §§ 335.1, 339. His remaining contract claims have four-year statutes of limitations. *Id.* § 337(1). And his remaining claims for implied breach of the covenant of good faith and fair dealing had to be brought within four years if based on an implied contractual promise and two years if seeking tort remedies. *See Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 249 n.4 (Ct. App. 1990). To be timely, Sidorov needed to bring all these claims within either two or four years after "the cause[s] of action [were] complete with all of [their] elements." *Norgart v. Upjohn Co.*, 981 P.2d 79, 83 (Cal. 1999).

But he was too late. The final elements of the wrongful death and negligence claims would have been complete when the insured was murdered on January 22, 2010. The remaining breach of contract and breach of the implied covenant of good faith and fair dealing claims are based on TLIC allegedly over-insuring Sidorov's mother in 2003 and failing to investigate the false report of her death in 2007. And Sidorov did not bring this lawsuit until December 30, 2016.

While he contends various exceptions to the statues of limitations should apply, they cannot save his late claims.

4

First, Sidorov argues the delayed discovery rule, which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action," should apply. *Id.* But Sidorov was in possession of the documents necessary to discover his claims that are not barred by res judicata in 2011, making his 2016 lawsuit too late.[2]

Second, he argues the continuous accrual doctrine should allow him to bring claims for TLIC's post-murder conduct because a claim does not accrue until "the occurrence of the last element essential to the cause of action." *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003) (quoting *April Enters., Inc. v. KTTV*, 195 Cal. Rptr. 421, 432 (Ct. App. 1983)). However, as stated above, the last alleged elements for the negligence and wrongful death claims were complete upon the insured's 2010 murder. The breach of contract and breach of implied covenant of good faith and fair dealing claims are based on conduct either completed in 2003 or 2007, or they are barred by res judicata.

Third, Sidorov argues equitable estoppel should apply as he relied upon TLIC's actions taken after being notified of the insured's death in 2014, which allegedly "lulled [Sidorov] into a sense of security preventing him from instituting proceedings before the running of the statute . . . ." *See Holdgrafer v. Unocal*

---

[2]  Sidorov suggests his claims were not discoverable until the probate court's July 2014 order, which named him as the life insurance beneficiary. Even under his theory, the December 2016 suit was too late.

*Corp.*, 73 Cal. Rptr. 3d 216, 231–32 (Ct. App. 2008). But his reliance argument is of no use to his negligence and wrongful death claims, where the last elements would have been complete in 2010, before Sidorov even knew of TLIC. Likewise, his contract and implied covenant of good faith and fair dealing claims relate to conduct prior to his knowledge of TLIC, except for those barred by res judicata.[3]

3.      The district court also properly dismissed Sidorov's claim for declaratory relief. The claim was entirely based on the tort and contract claims previously discussed. As those claims were appropriately dismissed, so too was his claim for declaratory relief.

**AFFIRMED.**

---

[3]      Finally, his argument for equitable tolling is directed towards his breach of contract claim. But that argument is once more based on the contract claims concerning TLIC's post-death conduct, which are barred by res judicata.