Filed 4/5/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| UNUVA SHULER, | B304465 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV19156) |
| v. | |
| CITY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Randolph Hammock, Judge. Affirmed.

Reed & Garcia Law and Muammar Reed for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Kathleen A. Kenealy, Chief Deputy City Attorney, Scott Marcus, Senior Assistant City Attorney, Blithe S. Bock, Managing Assistant City Attorney, and Michael M. Walsh, Deputy City Attorney, for Defendants and Respondents.

————————————

Unuva Shuler brought suit in federal court against the City of Los Angeles and three Los Angeles Police Department officers for arresting and strip searching her. A federal jury unanimously found the police acted reasonably. This verdict defeated Shuler's federal claims. After United States District Judge Terry J. Hatter Jr. then dismissed Shuler's state law claims, Shuler filed a second lawsuit in state court. Based on the strip search, Shuler alleged negligence and other state law claims against the City and the three officers. The defense moved for judgment on the pleadings, saying the case was barred as merely repetitive. The trial court agreed, saying at oral argument the issue was "not even close." The court granted the motion without leave to amend. We affirm.

## I

We summarize the facts and procedural background.

LAPD officers stopped Shuler's car and detained her during a narcotics investigation. They arrested her passenger, Jerome Jones, on suspicion of drug dealing. Jones's arrest report lists Shuler as an "involved person." There is no arrest report for Shuler.

The officers took Shuler, Jones, and the car to an LAPD station. At the station, an officer strip searched Shuler, told her to urinate in front of the officer, and kept her in a holding cell for two hours before releasing her without charges.

The officers searched the car but found no drugs. They did find and seize about $1,400 in cash. Shuler later reclaimed this money.

Shuler brought federal and state law claims against the City of Los Angeles and the three officers in federal court. Shuler's federal claim alleged a violation of section 1983 of Title

2

42 of the United States Code.  Her state law claims included negligence.

The federal court bifurcated Shuler's state claims and tried the federal section 1983 claim to a jury.

The pertinent jury instructions were as follows:

"Plaintiff Unuva Schuler claims to have been subjected to an unreasonable search of her body.  The Constitution protects every person against 'unreasonable' searches.

"As previously explained, the plaintiff has the burden of proving by a preponderance of the evidence that the acts of a defendant deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges that one or more defendants deprived her of her rights under the Fourth Amendment to the Constitution when she was strip searched at the Southwest Police Station.

"Under the Fourth Amendment, a person has the right to be free from unreasonable searches of her person.  To prove a defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. The defendant searched the plaintiff's person;
2. In conducting the search, the defendant acted intentionally; and
3. The search was unreasonable.

"A person acts 'intentionally' when the person acts with a conscious objective to engage in particular conduct.  Therefore, the plaintiff must prove the defendant intended to search the plaintiff's person.  It is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.  However, the plaintiff does not need to

prove the defendant intended to violate the plaintiff's Fourth Amendment rights.

"Police officers may lawfully strip search an individual they have probable cause to believe is either concealing a controlled substance or a weapon. A strip search is unreasonable if police officers do not have probable cause to believe an individual is either concealing a controlled substance or a weapon.

"A police department's internal policies and regulations do not create the legal standard of care in this case. You are not to consider a violation of an internal police department policy as the equivalent of a federal civil rights violation.

"Department or municipal policy directives may prescribe what conduct is expected of police personnel under particular circumstances. However, such policy directives cannot create a duty to individual citizens. Accordingly, a violation of a departmental policy does not[,] alone, amount to a violation of the law."

The federal jury unanimously found police indeed had arrested and strip searched Shuler, but this arrest and search were reasonable. Neither violated Shuler's Fourth Amendment rights.

After the defense verdict, the federal court declined to exercise supplemental jurisdiction over Shuler's state law claims and dismissed them without prejudice.

Shuler then filed a complaint in the Los Angeles Superior Court enumerating the same state law claims she had alleged in her federal case: (1) violation of Penal Code section 4030; (2) negligence; (3) invasion of privacy; (4) intentional infliction of emotional distress; and (5) false arrest. The superior court ruled

these claims were barred and granted defendants' motion for judgment on the pleadings.  Shuler appeals.

II

We independently review an order granting judgment on the pleadings.  (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515.)  We treat undisputed facts properly pleaded as admitted.  (*Colombo v. Kinkle, Rodiger & Spriggs* (2019) 35 Cal.App.5th 407, 415.)  We determine the effect of a federal court judgment on a state court action as a question of law.  (*Shuler v. Capital Agricultural Property Services, Inc.* (2020) 49 Cal.App.5th 62, 68–69.)

The Supreme Court's *Hernandez* decision controls this case. (See *Hernandez v. City of Pomona* (2009) 46 Cal.4th 501 (*Hernandez*).)  *Hernandez* was not identical to our facts, but the distinctions make no difference.  We briefly sketch *Hernandez*.

Pomona police shot George Hernandez to death. Hernandez's family sued in federal court, alleging a federal section 1983 claim as well as a state wrongful death claim sounding in negligence.  The federal jury found the officers had not used excessive force.  (The jury hung on one officer, but that aspect is not pertinent to our case.)  The federal court entered judgment for the defense on the federal section 1983 claim and declined to entertain the supplemental state wrongful death claim, which the court dismissed without prejudice.  Hernandez's family then filed a wrongful death action in state court.  The trial judge sustained the defense demurrer, which the Supreme Court affirmed.  (*Hernandez, supra*, 46 Cal.4th at pp. 507–510, 522.)

The Supreme Court ruled the pertinent doctrine was collateral estoppel, which has five requirements.  First, the issues in the two proceedings had to be identical.  Second, this issue

must have been actually litigated in the former proceeding. Third, it must have been decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. As is true here as well, in *Hernandez* only the first issue was contested. (*Hernandez*, *supra*, 46 Cal.4th at p. 511.)

The *Hernandez* court observed that the federal action raised and decided the issue of whether the officers exercised reasonable care in using deadly force, and that the jury decision on this issue went for the defense. (*Hernandez*, *supra*, 46 Cal.4th at p. 512.) The court also noted the state wrongful death claim raised the same issue as had been decided in federal court: whether the officers would be liable for Hernandez's wrongful death because their conduct had been unreasonable. (*Id.* at p. 513.) The court extensively analyzed and rejected the family's argument that federal and state standards differed on this point. (*Id.* at pp. 513–517.)

*Hernandez* thus barred civil rights plaintiffs who lost in federal court from pursuing equivalent state law claims in a second suit in state court. (*Hernandez*, *supra*, 46 Cal.4th at pp. 511–517.)

This case differs from *Hernandez*. It involves a strip search, not a fatal shooting. (We say this case involves strip search and not also an arrest because Shuler's state complaint included only the strip search in its negligence count. We thus exclude the arrest from our focus.)

But this difference from *Hernandez* is merely nominal. The essence of this case is identical to *Hernandez*. The *Hernandez*

result thus obtains. Shuler cannot sue a second time because her first suit definitively settled her dispute: she lost and cannot now try to prove the defendants acted unreasonably. Litigating a settled question is a costly waste of resources and is not allowed. (*Hernandez*, *supra*, 46 Cal.4th at pp. 511–517.)

This case tracks *Hernandez* in every material respect. The federal jury found the police did not act unreasonably by strip searching her. Based on the jury instruction, the jurors found police had probable cause to believe Shuler was "either concealing a controlled substance or a weapon." This justified strip search could not amount to state law negligence, as a matter of law.

As did the family in *Hernandez*, Shuler argues there is a difference between the federal and state liability standards, which she urges means the identical-issue requirement is not satisfied. She concludes she may pursue her state negligence claim. Shuler writes that the "jury instruction given to the federal jury in [Shuler's] trial on her section 1983 claim, in connection with her unlawful strip search claim, specifically states 'it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.' " Shuler concludes negligence was *not* an issue before the jury in the federal trial and so the doctrine of collateral estoppel does not apply to the issue of the officers' negligence.

This argument is incorrect. Shuler's quotation of the jury instruction comes from its explanation of element two, not element three. Element two asked the jury to determine whether, in conducting the search, the defendant officers acted intentionally. Element three was whether the search was unreasonable.

7

Element two aimed to ensure officers are liable only when they *intended* to search someone, as opposed to, say, accidentally or carelessly bumping into a person and "searching" them without a purpose to do so. (This case presents no need for us further to define "*inten[tion]*." It suffices simply to distinguish intentional actions from negligent and unintentional ones. (Cf. Model Pen. Code, § 2.02, subd. (2) [defining mental states with precision].))

Element two is not in dispute in this case. Shuler has never suggested officers strip searched her without *intending* to do so. Such a factual scenario is hard even to imagine: how would one strip search someone by accident? The scenario may be completely impossible. Element two, and the portion of it that Shuler quotes, is irrelevant to the dispute in this case.

Element three is the one Shuler disputes. Element three asked whether the search was unreasonable. This is the crucial element for this case: Shuler says it was unreasonable for an officer to strip search her, while the defendants say they were justified in doing so. The jury instruction elaborated this element by explaining a "strip search is unreasonable if police officers do not have probable cause to believe that individual is either concealing a controlled substance or a weapon." The federal jury's special verdict form shows the jury concluded the officers indeed had probable cause, so the strip search was reasonable.

Element three therefore is the key to this case, and in this case this element is the same in federal and in state law, as *Hernandez* established. (*Hernandez, supra,* 46 Cal.4th at pp. 513–515.)

Shuler's opening brief does not distinguish or to come to grips with the Supreme Court's *Hernandez* holding, for the brief

8

cites only the Court of Appeal decision, which the Supreme Court reversed. (*Hernandez, supra,* 46 Cal.4th at p. 522.) This brief thus omits the governing law.

Shuler's brief does cite other cases she argues are helpful to her cause, but the Supreme Court dispatched all her citations. (See *Hernandez, supra,* 46 Cal.4th at pp. 515–517 [extensive discussion of *Harris v. Grimes* (2002) 104 Cal.App.4th 180; *Lucas v. County of Los Angeles* (1996) 47 Cal.App.4th 277; and *Mattson v. City of Costa Mesa* (1980) 106 Cal.App.3d 441].)

Shuler has forfeited arguments about state law causes of action other than negligence. The brief does not present arguments and authorities about these other causes of action. Parties abandon points they do not support by argument and citation of authority. (E.g., *Tun v. Wells Fargo Dealer Services, Inc.* (2016) 5 Cal.App.5th 309, 329.)

Shuler argues the fact the federal court refused, as a discretionary matter, to exercise supplemental jurisdiction over her state law claims means she is free to retry her claims about her strip search in state court. Yet this was the procedural posture in *Hernandez* as well. That posture did not affect the outcome in *Hernandez*, which dooms Shuler's cause. (See *Hernandez, supra,* 46 Cal.4th at pp. 508–509.)

Shuler has not sought leave to amend.

## DISPOSITION

We affirm the judgment and award costs to respondents.


WILEY, J.

WE CONCUR:


GRIMES, Acting P. J.


STRATTON, J.