956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie J. MINCEY, Jr., Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant,
and
Betty M. Puiia, Defendant-Appellant.
 No. 90-16662.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1992.
Decided Feb. 25, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Willie Mincey sued the United States and Betty Puiia to obtain a judgment granting him a one-half interest in Mrs. Puiia's home. The district court found that two earlier state court judgments against Mr. Mincey involving the identical subject matter did not bar this action, and granted judgment in favor of Mr. Mincey. We reverse.
 
 
 3
 In 1971, Betty Puiia and her late husband James purchased as joint tenants the Sacramento County home which is the subject of this dispute. In 1981, James quit-claimed his interest in the house to his wife. The next year, the Commissioner of Internal Revenue seized James' interest in the Puiia home to satisfy federal tax liabilities. In 1983, the Internal Revenue Service held a tax auction at which Willie Mincey purchased for $11,800 a Commissioner's deed to whatever interest James Puiia had retained in the Puiia home.
 
 
 4
 In 1984, Mr. Mincey sued Mrs. Puiia in state court seeking a partition of her home. The court directed a verdict in favor of Mrs. Puiia after Mr. Mincey had presented his case. Mr. Mincey did not appeal. In 1987, Mr. Mincey again unsuccessfully sued Mrs. Puiia in state court.
 
 
 5
 In 1989, Mr. Mincey brought this action in federal district court. In the claim out of which this appeal has arisen, Mr. Mincey has sued Mrs. Puiia and the United States seeking to enforce his Commissioner's deed. At trial, the district court granted judgment in favor of Mr. Mincey but stayed the partition of Mrs. Puiia's home pending this appeal.
 
 
 6
 Mr. Mincey's claim in federal court is based on 28 U.S.C. § 2410 (1989). Section 2410(a) provides in pertinent part:
 
 
 7
 [T]he United States may be named a party in any civil action or suit in any district court ... having jurisdiction of the subject matter--
 
 
 8
 (1) to quiet title to,
 
 
 9
 (2) to foreclose a mortgage or other lien upon,
 
 
 10
 (3) to partition,
 
 
 11
 (4) to condemn, or
 
 
 12
 (5) of interpleader or in the nature of interpleader with respect to,
 
 
 13
 real ... property on which the United States has or claims a mortgage or other lien.
 
 
 14
 This section presupposes an action in which a party is seeking a determination of his interest in a piece of property. In this case, the district court found that "the existence of [Mr. Mincey's] alleged ownership interest in the subject property determines this court's jurisdiction."
 
 
 15
 In this action, however, the doctrine of res judicata bars Mr. Mincey from seeking vindication against Mrs. Puiia of his alleged interest in Mrs. Puiia's home. The doctrine of res judicata " 'operates as a bar to the maintenance of a second suit between the same parties on the same cause of action.' " Henn v. Henn, 605 P.2d 10, 12 (Cal.1980) (quoting Clark v. Leshner, 299 P.2d 865, 868 (Cal.1956)).
 
 
 16
 The district court found that Mr. Mincey's state claims and his current federal claim constituted separate causes of action. The court noted that while Mr. Mincey's state claim had been an in rem claim to title as against the world, his federal claim was an in personam claim against Betty Puiia. The district court reasoned that because Mr. Mincey had initially sued everyone, he had effectively sued no one for the purposes of res judicata. Accordingly, the court concluded that res judicata did not bar Mr. Mincey's federal action.
 
 
 17
 Under California law, "[t]he essential difference between the res judicata effect of in rem, as contrasted to in personam judgments, is the range of persons upon whom they are conclusive." In re Estate of La Motta, 86 Cal.Rptr. 880, 884 (Cal.Ct.App.1970). That effect is described in the Restatement (Second) of Judgments (1982). Id. Section 30 of the Restatement states in pertinent part:
 
 
 18
 A valid and final judgment in an action based only on jurisdiction to determine interests in a thing:
 
 
 19
 (1) Is conclusive as to those interests with regard to all persons, if the judgment purports to have that effect (traditionally described as "in rem"), or with regard to the named parties, if the judgment purports to have that effect (traditionally described as "quasi in rem").
 
 
 20
 In state court, Mr. Mincey twice sued Mrs. Puiia to obtain a one-half interest in Mrs. Puiia's home. Mr. Mincey lost his first claim on the merits. The state trial court apparently found the Commissioner's deed inadequate to defeat Mrs. Puiia's record title. Mr. Mincey did not appeal and that Superior Court judgment became final. In federal court, Mr. Mincey again is seeking a one-half interest in Mrs. Puiia's home. Both the state and federal claims are grounded on the identical set of facts. Under California law, Mr. Mincey's adverse judgment in state court is conclusive as to all persons named in that judgment. Accordingly, res judicata bars Mr. Mincey's present federal claim against Mrs. Puiia. See City of Los Angeles, 149 Cal.Rptr. at 320 (state court action to vindicate plaintiffs' rights in personal property barred by res judicata in light of earlier federal civil rights claim which arose out of same set of facts and which sought to vindicate the same rights); Mattson v. City of Costa Mesa, 164 Cal.Rptr. 913 (Cal.Ct.App.1980) (same only with rights involved being right to personal security and right to be free from unlawful arrest).
 
 
 21
 We hold only that res judicata bars Mr. Mincey from suing Mrs. Puiia again to assert an interest in her home arising from the federal tax auction. We do not address the validity of Mr. Mincey's claims, if any, against the federal government for a refund of his purchase money or for a good and sufficient deed to whatever interest the United States may have or may subsequently acquire in the real property.
 
 
 22
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3